THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID RYAN HUFFMAN, Defendant-Appellant.

Second District   No. 2—99—0244

Opinion filed July 27, 2000.

Calvin C. Hultquist, of Hultquist & Roberts, P.C., of Rantoul, for appellant.

Val Gunnarsson, State's Attorney, of Mt. Carroll (Martin P. Moltz, of

State's Attorneys Appellate Prosecutor's Office, of counsel), and Raymond J. Cicci, of Springfield, for the People.

JUSTICE THOMAS delivered the opinion of the Court:

The defendant, David Ryan Huffman, pleaded guilty on August 7, 1995, to three counts of first-degree murder (720 ILCS 5/9—1(a)(1) (West 1998)) and one count of concealment of a homicidal death (720 ILCS 5/9—3.1(a) (West 1998)). The trial court sentenced the defendant to 75 years in prison. On direct appeal, this court affirmed the defendant's convictions and sentence on December 27, 1996. See *People v. Huffman*, No. 2—95—1640 (1996) (unpublished order under Supreme Court Rule 23). On August 19, 1998, the defendant filed a petition for postconviction relief. In that petition, the defendant made no allegations of fact showing that any delay in filing the petition was not due to his culpable negligence. The trial court dismissed the petition as being patently without merit. Thereafter, the defendant filed a motion to reconsider, and the State filed a motion to dismiss the defendant's petition for lack of subject matter jurisdiction, alleging that it was untimely filed. The trial court agreed that the petition was untimely and granted the State's motion to dismiss. The defendant now appeals from that ruling.

On appeal, the defendant contends that the limitations periods for postconviction petitions under section 122—1(c) of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1(c) (West 1996)) are not jurisdictional and the trial court erred in dismissing the petition without hearing evidence as to whether the defendant's delay in filing the petition was due to his culpable negligence. In response, the State cites *People v. Stenson*, 296 Ill. App. 3d 93, 95-96 (1998), and *People v. Heirens*, 271 Ill. App. 3d 392, 402 (1995), which held that a defendant's failure to file a postconviction petition within the limitations period established in the Act is a jurisdictional bar to the action.

Although it was not cited by either of the parties in the instant appeal, our supreme court recently held in *People v. Wright*, 189 Ill. 2d 1 (1999), that, because the lack of culpable negligence—not time—is the inherent element of the right to bring a postconviction petition, compliance with section 122—1(c) is not a *jurisdictional* prerequisite. *Wright*, 189 Ill. 2d at 8-9. Instead, the limitations period set forth in the Act is a statute of limitations, which requires the defendant to allege sufficient facts demonstrating the lack of culpable negligence. *Wright*, 189 Ill. 2d at 10-11; see also *People v. Bates*, 124 Ill. 2d 81, 88 (1988) (to show the absence of culpable negligence, a petitioner must allege facts justifying the delay). In *Wright*, the supreme court found that the State waived the right to challenge the timeliness of the

defendant's petition by failing to argue before the circuit court that the petition was untimely. *Wright*, 189 Ill. 2d at 11. In contrast to *Wright*, the State in the present case did raise the timeliness of the defendant's petition in the court below. Because we may affirm the trial court's judgment for any reason appearing in the record even if it was not relied upon by the trial court, we will consider whether the defendant's petition must be dismissed as untimely. See *People v. Paarlberg*, 243 Ill. App. 3d 731, 734 (1993).

The statute of limitations applicable to the filing of the defendant's postconviction petition was the statute that was in effect at the time he filed his petition. *Bates*, 124 Ill. 2d at 85-86 (amendment to the Act that shortened the statute of limitations should be applied retroactively to a conviction that occurred prior to its enactment). When the defendant filed his postconviction petition on August 19, 1998, section 122—1(c) of the Act set forth the limitations periods applicable to the filing of petitions for postconviction relief as follows:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or *** 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1996).

The plain language of the Act requires the dismissal of an untimely filed petition, unless the petitioner "alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1996); *Bates*, 124 Ill. 2d at 88. In *People v. Van Hee*, 305 Ill. App. 3d 333 (1999), this court held that a defendant's motion to extend the time for filing postconviction relief was properly denied where the defendant failed to allege sufficient facts indicating that a prison lockdown lasted a sufficient amount of time to excuse his delay in filing. *Van Hee*, 305 Ill. App. 3d at 336-38. This court also observed that a defendant's allegation that he was unfamiliar with the controlling limitations period is insufficient to establish that the delay was not due to his culpable negligence. *Van Hee*, 305 Ill. App. 3d at 337.

Here, the defendant's appeal was decided on December 27, 1996. The defendant did not file a petition for leave to appeal with the supreme court. The date for filing his notice for leave to appeal expired on January 17, 1997. Thus, the defendant had until July 17, 1997, to file his petition for postconviction relief. However, the defendant filed his petition on August 19, 1998, more than one year past the deadline. The defendant's petition did not contain allegations justifying the late filing. The defendant did not file a motion to amend his petition to allege the lack of culpable negligence until after the trial court dismissed

the petition. Thereafter, the defendant did not obtain a ruling on his motion to amend. Where, as here, the defendant has not obtained a ruling on his motion, the motion is presumed to have been abandoned absent circumstances indicating otherwise. *Van Hee*, 305 Ill. App. 3d at 335.

At any rate, the defendant did not allege sufficient facts in his motion to amend to justify the delay by showing a lack of culpable negligence. The defendant alleged in his motion that he was unaware of the limitations period because he was not advised by his attorney of the deadline for bringing his postconviction petition. As previously stated, the defendant's allegation that he was unfamiliar with the controlling limitations period is insufficient to establish a delay not due to his culpable negligence. See *Van Hee*, 305 Ill. App. 3d at 337. The defendant also alleged in his motion that the delay in filing was justified by his discovery of new evidence. However, the defendant did not allege any specific dates of when he learned of the allegedly new evidence, and therefore, we must conclude that he has failed to allege sufficient facts demonstrating that the delay was justified. See *Van Hee*, 305 Ill. App. 3d at 337 (where court found that, absent specific dates in an affidavit, it was left to speculate that the lockdown lasted a short period of time and did not excuse the defendant's delay).

For the foregoing reasons, we find that the defendant's petition failed to allege sufficient facts to justify the delay, and, therefore, it was untimely filed beyond the limitations period set forth in section 122—1(c) of the Act. Accordingly, we affirm the judgment of the circuit court of Carroll County, which dismissed the defendant's petition.

Affirmed.

INGLIS and HUTCHINSON, JJ., concur.