FIFTH DIVISION

May 11, 2001

No. 1-99-0844

THE PEOPLE OF THE STATE OF ILLINOIS, )        Appeal from

)     the Circuit Court

Plaintiff-Appellee, )      of Cook County.

)

v. )       No. 86-CR-901

)

HARVEY ALLEN, JR., )         Honorable

)       Stanley Sacks,

Defendant-Appellant. )      Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Following a jury trial, defendant Harvey Allen, Jr., was convicted of four counts of murder and arson.  He was sentenced to natural life in prison without the possibility of parole for the murders and to a concurrent term of seven years for the arson.  His conviction and sentence were affirmed on direct appeal, and the United States Supreme Court denied 
certiorari
.  
People v. Allen
, 249 Ill. App. 3d 1001, 620 N.E.2d 1105 (1993), 
aff'd
, 152 Ill. 2d 563, 622 N.E.2d 1212, 
cert.
 
denied
, 511 U.S. 1075, 128 L. Ed. 2d 374, 114 S. Ct. 1657 (1994).  Defendant subsequently filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et seq.
 (West 1994)), which the circuit court dismissed on the State's motion without an evidentiary hearing.  For the following reasons, we affirm the judgment of the circuit court.  

Defendant contends on appeal that his petition established a substantial constitutional violation of ineffective assistance of counsel for failing to allow him to testify.  The State responds that the petition is barred by the applicable statute of limitations.  725 ILCS 5/122-1 (West 1994).  The timeliness of defendant's petition was properly raised by the State in the court below.  While the trial court did not specifically address the grounds for dismissing the petition, and defendant failed to respond to this issue either below or on appeal, we note that we may affirm the trial court's judgment for any reason appearing in the record even if it was not relied upon by the trial court.  Accordingly, we consider whether the defendant's petition must be dismissed as untimely.  
People v. Huffman
, 315 Ill. App. 3d 611, 613, 734 N.E.2d 479, 481 (2000).

The statute of limitations applicable to the defendant is the statute in effect at the time he filed his postconviction petition.  
People v. Bates
, 124 Ill. 2d 81, 85-86, 529 N.E.2d 227, 228-29 (1988).  When defendant filed his 
pro
 
se
 petition on March 28, 1995, the Act provided in pertinent part as follows:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or issuance of the opinion from the Illinois Supreme Court or 6 months after the date of the order denying certiorari by the United States Supreme Court or the date for filing such a petition if none is filed or 3 years from the date of conviction, whichever is later, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence."  725 ILCS 5/122-1 (West 1994).

Judgment on defendant's conviction was entered on December 22, 1987, and was affirmed on April 22, 1993.  His petition for leave to appeal was denied on October 6, 1993.  Thereafter, he filed a petition for writ of 
certiorari
 to the United States Supreme Court, which was denied on May 2, 1994.  Defendant then filed a petition for rehearing, which was denied on October 3, 1994. 

A question arises, as the State concedes, whether the petition for rehearing on the denial of 
certiorari
 tolls the commencement of the applicable six-month limitations period.  The State maintains, as it argued in its motion to dismiss below, that the plain meaning of the statute and the legislative history does not support such a finding. 

The interpretation of a statute is a question of law, for which we conduct 
de
 
novo
 review.  
People v. Robinson
, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996).  The cardinal rule of statutory construction is to ascertain and give effect to the true intent of the legislature.  
Robinson
, 172 Ill. 2d at 457, 667 N.E.2d at 1307.  The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning.  
People v. Tucker
, 167 Ill. 2d 431, 435, 657 N.E.2d 1009, 1011 (1995).  When a statute is unambiguous, it must be enforced as enacted, and a court may not depart from its plain language by reading into it exceptions, limitations, or conditions not expressed by the legislature.  
People v. Woodard
, 175 Ill. 2d 435, 443, 677 N.E.2d 935, 939 (1997).

Applying these principles to section 122-1 of the Act, we find that the plain language of the statute required defendant to file his petition for postconviction relief at the latest, within "6 months after the date of the order denying certiorari by the United States Supreme Court" (725 ILCS 5/122-1 (West 1994)), and that the statute is not tolled when a petition for rehearing is filed.   United States Supreme Court Rule 16.3 provides:

"Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed.  
The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.
"  (Emphasis added.)  U.S. Sup. Ct. Rule 16.3.

Based on this rule, the order denying 
certiorari
 is legally effective when the order is entered, authorizing lower courts to take whatever further appropriate action is necessary.  See R. Stern, E. Gressman, S. Shapiro, K. Geller, Supreme Court Practice §6.43, at 382 (7th ed. 1993).  Accordingly, after the Supreme Court denies a defendant's petition for writ of 
certiorari
, neither the filing of a petition for rehearing from the denial of 
certiorari
, nor the expiration of time in which such a petition could be filed, nor the denial of such a petition, delays the commencement of the six-month limitations period set forth in section 122-1.  

Thus, under the plain language of the statute, defendant had until November 2, 1994, to file his postconviction petition.  He failed to file it until March 28, 1995, and further failed to proffer any explanation for his untimely filing that would demonstrate that the delay was not due to his own culpable negligence.  725 ILCS 5/122-1 (West 1994).  Consequently, the trial court properly dismissed defendant's petition seeking postconviction relief.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.  

QUINN, P.J., and GREIMAN, J., concur.