FOURTH DIVISION

January 24, 2002

No. 1-99-3213

THE PEOPLE OF THE STATE OF ILLINOIS
, )        Appeal from

)     the Circuit Court

Plaintiff-Appellee, )      of Cook County.

)

v. )      No. 92-CR-21468

)

ISAIAH GUNARTT, )         Honorable

)       James B. Linn,

Defendant-Appellant. )      Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Defendant Isaiah Gunartt was found guilty of first degree murder and sentenced to 45 years' imprisonment.  On direct appeal, this court affirmed defendant's conviction and sentence on February 1, 1996.  
People v. Gunartt
, No. 1-93-4486 (1996) (unpublished order under Supreme Court Rule 23).  Defendant filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on June 5, 1996.  
People v. Gunartt
, 167 Ill. 2d 561, 667 N.E.2d 1060 (1996).  On December 28, 1998, defendant, through his attorney, filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 
et seq
. (West 1998)).  The State filed a motion to dismiss the petition, arguing that it was not timely filed.  The trial court denied the State's motion to dismiss and heard arguments on the merits of defendant's claims.  Thereafter, the trial court denied defendant's postconviction petition.  Defendant now appeals from that ruling and argues that the trial court must hold evidentiary hearings on the ineffective assistance of counsel claims contained in his petition.  We find that the petition should have been dismissed for failure to comply with the time period required in the Act and affirm the denial of defendant’s petition.

On appeal, the State renews its argument that defendant’s petition should have been dismissed on limitations grounds.  In his reply brief, defendant admits that his petition was untimely, but argues that the delay was not due to his culpable negligence.  The statute of limitations applicable to the filing of defendant's postconviction petition was the statute in effect at the time he filed his petition.  
People v. Bates
, 124 Ill. 2d 81, 85-86, 529 N.E.2d 227, 229 (1988); 
People v. Huffman
, 315 Ill. App. 3d 611, 613, 734 N.E.2d 479, 481 (2000).  When defendant filed his petition on December 28, 1998, section 122-1(c) of the Act provided: 

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal *** or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  725 ILCS 5/122-1(c) (West 1998).

Defendant's petition for leave to appeal to our supreme court was denied on June 5, 1996, and the six-month statutory period following that date expired on December 5, 1996.  The date of defendant's conviction is the date that final judgment, including sentence, was entered.  
People v. Woods
, 193 Ill. 2d 483, 489, 739 N.E.2d 493, 496 (2000).  Here, defendant was sentenced on October 6, 1993, and his motion to reduce his sentence was denied on November 17, 1993; thus, the three-year period following that date expired on November 17, 1996.  Therefore, defendant's postconviction petition was due on November 17, 1996, the earlier of the two dates.  As defendant concedes, his postconviction petition, filed through his attorney on December 28, 1998, was filed over two years beyond the statute of limitations.  Thus, his petition is untimely and warrants dismissal unless he alleged facts showing that the delay in filing was not due to his culpable negligence.  725 ILCS 5/122-1(c) (West 1998); 
People v. Jones
, 191 Ill. 2d 194, 197, 730 N.E.2d 26, 28 (2000).

In his petition, defendant alleged that his attorney was ineffective for failing to discover the existence of two witnesses, whose affidavits were attached, and for not conducting a reasonable investigation into defendant's mental history to be used at sentencing.  The only allegation regarding the petition’s late filing was the statement:  "Said petition is being filed at this time because said information contained within was not fully known within the applicable deadline."  An attached affidavit from Rosalind Gunartt, defendant's mother, stated that, prior to the date of defendant's conviction, she was not aware of the existence of the two potential witnesses.  Defendant did not move to amend his postconviction petition to allege any further facts regarding the late filing.  However, in his response to the State's motion to dismiss, defendant contended that he did not become aware of the extent of the ineffective assistance of his counsel until after the limitations period had expired.  It was only within the past year, defendant alleged, that he became aware of the additional witnesses and his counsel's inadequate investigation.

Lack of culpable negligence is very difficult to establish.  
People v. Rissley
, No. 82536 (March 15, 2001).  A defendant bears a heavy burden to affirmatively show why the exception to the statute of limitations applies to his case.  
People v. Lopez
, 317 Ill. App. 3d 1047, 1054, 740 N.E.2d 1179, 1184 (2000).  He cannot merely make vague or conclusory assertions, but must "show clearly through factual allegations that he previously made diligent attempts to uncover matters he now purports entitle him to judicial relief or otherwise demonstrate in significant detail how he could not have obtained such information before the limitations period expired."  
People v. Boclair
, 312 Ill. App. 3d 346, 349, 726 N.E.2d 1166, 1169 (2000), 
appeal allowed
, 189 Ill. 2d 690, 734 N.E.2d 895 (2000).

Here, defendant did not allege sufficient facts in his petition or his response to the State's motion to dismiss which show a lack of culpable negligence to justify the late filing.  His statement that this information was not fully known within the time limit is vague and conclusory and thus is insufficient to meet his burden.  Further, while he alleges that the delay was justified by the discovery of new witnesses and his counsel's inadequate investigation, defendant failed to allege any specific dates of when he learned of the allegedly new evidence or that he made diligent attempts to uncover this information.  Nor does defendant explain why he could not have brought this petition earlier than two years beyond the statute of limitations.  Additionally, defendant alleged no facts showing why he did not discover his attorney's failure to investigate and introduce defendant's mental health history at sentencing within the Act's limitations period.  Therefore, we must conclude that he failed to allege sufficient facts demonstrating that the delay was not due to his culpable negligence.  
People v. Parham
, 318 Ill. App. 3d 818, 829, 743 N.E.2d 697, 706 (2001); 
Huffman
, 315 Ill. App. 3d at 614, 734 N.E.2d at 482.

Because defendant's petition did not comply with the statute of limitations provision in the Act, the trial court should have dismissed the petition and should not have heard arguments on its merits.  However, we can affirm the trial court's ruling on any ground warranted in the record, regardless of the reasons relied upon by the court.  
People v. Caballero
, 179 Ill. 2d 205, 211, 688 N.E.2d 658, 661 (1997).  Accordingly, we affirm the trial court's denial of defendant's postconviction petition.  

Affirmed.

HOFFMAN, P.J., and HARTMAN, J., concur.