2016 IL App (1st) 142125

SIXTH DIVISION
March 25, 2016

No. 1-14-2125

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Respondent-Appellee, | ) ) | |
| v. | ) ) | No. 86 CR 901 |
| HARVEY ALLEN, JR., | ) ) ) | Honorable Charles P. Burns, |
| Petitioner-Appellant. | ) ) | Judge Presiding. |

JUSTICE DELORT delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment and opinion.

**OPINION**

¶ 1     This case presents an issue of first impression: whether the Illinois Torture Inquiry and Relief Commission Act (Act) (775 ILCS 40/1 *et seq*. (West 2012) provides relief to a petitioner who alleges that his conviction resulted from evidence which was physically coerced at the hands of police officers other than former Chicago police commander Jon Burge or his subordinates. We find that the explicit language of the Act limits its application only to petitioners who were victims of Burge or officers under his supervision, and we therefore affirm the trial court's dismissal of the Commission's referral of petitioner's case.

¶ 2      Petitioner Harvey Allen, Jr. was convicted of four counts of murder and one count of arson stemming from an incident which occurred on December 7, 1985.  He was sentenced to natural life imprisonment.  In 1993, this court affirmed his conviction and sentence.  *People v. Allen*, 249 Ill. App. 3d 1001, 1020 (1993), *appeal denied*, 152 Ill. 2d 563 (1993), *cert. denied sub nom. Allen v. Illinois*, 511 U.S. 1075 (1994) (*Allen I*).  In *Allen I*, we specifically rejected Allen's contentions that his confession was involuntary because it was coerced through the improper tactics of his interrogating police officers.  *Id*. at 1016-1017.  Later, we affirmed the dismissal of Allen's first petition for postconviction relief.  *People v. Allen*, 322 Ill. App. 3d 724 (2001), *appeal denied*, 198 Ill. 2d 618 (2002) (*Allen II*).  In *People v. Allen*, 367 Ill. App. 3d 1087 (2006) (table) (unpublished order under Supreme Court Rule 23), *appeal denied*, 222 Ill. 2d 610 (2007) (table) (unpublished order under Supreme Court Rule 23) (*Allen III*), we affirmed the trial court's dismissal of Allen's successive and supplemental postconviction petitions.

¶ 3      Allen then filed a second successive postconviction petition, in which he contended that police officers physically coerced his confession.  In particular, this petition relied heavily on a report of the Special State's Attorney, Edward J. Egan, which detailed a pattern of police coercion of confessions in Chicago's Areas 2 and 3 under the leadership of Commander Burge.  *People v. Allen*, 2014 IL App (1st) 120209-U, ¶ 18 (*Allen IV*).  We determined that the Burge allegations were irrelevant to Allen's case, stating:

> "Instead, petitioner was initially brought to *District* 3, which is within Area 1,
> where Burge was never the supervising detective and which was never mentioned
> in the Egan report.  In addition, none of the detectives or police officers involved
> in petitioner's arrest and questioning were named in the Egan report, nor are
> petitioner's claims of physical abuse similar to the conduct revealed in the Egan

report. Finally, there was no medical evidence or testimony supporting petitioner's claim." (Emphasis in original.) *Id*. ¶ 25.

Accordingly, we found that Allen could not meet the cause-and-prejudice test to allow him to file a successive postconviction petition. *Id*. ¶ 34.

¶ 4 While the postconviction petition at issue in *Allen IV* was pending, Allen also applied for relief under the Act (775 ILCS 40/1 *et seq*. (West 2012)). Section 15 of the Act established the Illinois Torture Inquiry and Relief Commission (Commission). 775 ILCS 40/15 (West 2012). The Commission acts to investigate and determine factual claims of torture. 775 ILCS 40/10 (West 2012); see also generally *People v. Christian*, 2016 IL App (1st) 140030, ¶¶ 65-74 (setting forth an exhaustive description of the Commission's function and procedures).

¶ 5 Pursuant to the Act, the Commission entered a "case disposition" dated May 20, 2013[1], in which the Commission determined, by a preponderance of the evidence, that there was "sufficient evidence of torture" in Allen's case to "conclude the Claim is credible and merits judicial review for appropriate relief." We concluded in *Allen IV* that since Allen was processed in Area 1, the Egan Report was not relevant to his case. The Commission noted that, since Allen's trial, certain evidence of Burge's activities had "emerged," but it stated that Burge's activities occurred in Areas 2 and 3. The case disposition contains no mention whatsoever of Area 1 where Allen was actually processed. Nothing in the Commission's case disposition or its findings actually links Burge or any of his subordinates to Allen's confession or conviction.

---

[1] No copy of the Commission's case disposition is in the record. A copy of it is in the appendix to the State's brief. We take judicial notice of it. See Ill. R. Evid. 1005 (eff. Jan. 1, 2011); *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 159 (1976) (taking judicial notice of letter of determination issued by an administrative agency).

¶ 6     The Commission transmitted its conclusion to the chief judge of the circuit court of Cook County "for assignment to a trial judge for consideration" as required by the Act.  775 ILCS 40/50 (West 2012).  Upon such a referral, the trial court normally conducts a hearing which is similar to a third-stage evidentiary hearing under the Illinois Post-Conviction Hearing Act. *Christian*, 2016 IL App (1st) 140030, ¶ 78; see also 725 ILCS 5/122-1 *et seq*. (West 2012). Even if the Commission conducted an evidentiary hearing of its own, the Commission's factual findings from that hearing do not collaterally estop the trial court from making contrary findings. *Christian*, 2016 IL App (1st) 140030, ¶ 92.

¶ 7     After the chief judge of the circuit court of Cook County received this referral, he transmitted it to a judge for consideration.  The State then filed a motion to dismiss it under section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)), arguing that because the referral did not link any conduct of Burge or his subordinates to Allen's confession and conviction, the Act did not apply.  The trial court agreed and dismissed it, stating that the Commission's findings failed to indicate any nexus between its recitation of Burge's history and Allen's processing, resulting in "a kind of disconnect."  The court recognized that Allen had the right to "file a postconviction petition or successive postconviction petitions," but that the referral was not "in compliance with the [Act]" or its stated purposes.  This appeal followed.

¶ 8     We first note that Allen's brief fails to comply with Illinois Supreme Court Rules in numerous respects.  The appendix to the brief, which is not labeled as such, is only one page long and consists of merely an index to the record on appeal.  The brief does not contain the verbatim text of the relevant statutes involved in violation of Illinois Supreme Court Rule 341(h)(5) (eff. Feb. 6, 2013).  In addition, Allen's brief fails to comply with Supreme Court Rule

342(a) because the brief does not contain: (1) a copy of the notice of appeal; (2) a copy of the judgment appealed from; (3) a copy of the Commission's order; nor (4) the dates corresponding to the filing or entry of the various items listed in the index to the record. Ill. S. Ct. R. 342(a) (eff. Jan. 1, 2005). Nonetheless, we will consider the merits of this appeal, finding that the brief's lack of compliance with Supreme Court Rule 341(h) does not preclude our review. See *In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (reviewing court has choice to review merits, even in light of multiple Rule 341 omissions); *Budzileni v. Department of Human Rights*, 392 Ill. App. 3d 422, 440-41 (2009) (same as to Rule 342(a)).

¶ 9    We also note that the record contains no materials from the Commission's proceedings whatsoever except a single document: a recommendation to the Commission from its own staff. The Act requires that "[a]ll proceedings of the Commission shall be recorded and transcribed as part of the record." 775 ILCS 40/45(e) (West 2012). It also requires that the Commission's referral to the chief judge include the "opinion of the Commission with supporting findings of fact, as well as the record in support of such opinion." 775 ILCS 40/45(c) (West 2012). It is well established that any doubts arising from an incomplete record are resolved against an appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Since this case hinges on an issue of statutory interpretation, the omission of these materials from the record again does not prevent our review, but we admonish parties that filing the Commission's record when appealing orders disposing of such a referral will greatly aid meaningful judicial review in the future.

¶ 10    On appeal, Allen argues that the trial court erred in dismissing the Commission's referral pursuant to section 2-615 of the Code. Section 2-615 motions are established by the Code and therefore apply, in the main, to civil rather than criminal, cases. However, we may affirm on any basis in the record, whether or not the trial court relied on that basis or its reasoning was correct.

*Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 97 (1995). Regardless of whether a section 2-615 motion was the appropriate approach here, we find that the trial court correctly dismissed the referral.

¶ 11    A Commission referral normally triggers a trial court proceeding akin to a third-stage evidentiary hearing under the Post-Conviction Hearing Act. 725 ILCS 5/122-1 *et seq.* (West 2012); *Christian*, 2016 IL App (1st) 140030, ¶ 78. Advancing the claim directly to such a hearing might suggest that no further pleading directed at the claim could be considered. The Act, however, does not expressly prohibit such further proceedings upon the circuit court's receipt of the referral. It merely requires that the Commission transmit its referral to the trial court for "consideration," during which the court "*may* receive proof by affidavits, depositions, oral testimony, or other evidence." (Emphasis added.) 775 ILCS 40/50(a) (West 2012).

¶ 12    The gist of the State's motion to dismiss was simply that the Commission's case disposition, on its face, did not state that Burge or his subordinates were ever involved with the police investigation of Allen and therefore was not authorized by the Act.

¶ 13    Resolving the question presented requires us to interpret the Act. Statutory construction presents a question of law which we also review *de novo*. *People v. Gutman*, 2011 IL 110338, ¶ 12. The primary objective of statutory construction is to ascertain and give effect to the legislature's intent. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *Id*.

¶ 14    The opening paragraph of section 5 of the Act reads: " 'Claim of torture' means a claim on behalf of a living person convicted of a felony in Illinois asserting that he was tortured into confessing to the crime for which the person was convicted and the tortured confession was used to obtain the conviction *and* for which there is some credible evidence related to allegations of

torture committed by Commander Jon Burge or any officer under the supervision of Jon Burge." (Emphasis added.) 775 ILCS 40/5(1) (West 2012).

¶ 15    The Act's rather extraordinary naming of a specific living person is strongly probative of a specific legislative intent.    Equally important is the Act's direction that Commission recommendations are filed with the chief judge of the circuit court of Cook County, which perforce eliminates claims from petitioners convicted in counties other than Cook from the Commission's purview, and further supports the conclusion that the Act should be narrowly construed to apply only to a specific set of cases, and not to allegations of police misconduct in general.  775 ILCS 40/45(c) (West 2012).

¶ 16    Allen argues that the Act contains a general purpose clause stating that it is intended to "investigate and determine factual claims of torture," (775 ILCS 40/10 (West 2012)) but that general statement of purpose is cabined by the Burge-specific definition of "claim of torture" at the beginning of the Act which, in turn, modifies every use of the term "claim of torture" in the entire statute, including those which formed the basis for the referral at issue here.  We are also unpersuaded by Allen's contention that the Act's grant of authority to the Commission to give priority "to those cases in which the convicted person is currently incarcerated solely for the crime to which he or she claims torture by Jon Burge or officers under his command, or both" implies that the Commission can examine and refer cases involving persons allegedly tortured by non-Burge-related actors.  775 ILCS 40/35(2) (West 2012).  Read in conjunction with the Act's opening definition, a more logical reading of this "priority" clause is that it recognizes that persons may be serving sentences on a number of convictions on completely different offenses, and that those who are incarcerated *solely* due to a Burge-related offense should be given

priority, so that their meritorious claims might lead to a prompt release, rather than merely a reduced aggregate term of incarceration.

¶ 17    Consistent with our holding in *Allen IV*, we agree with the trial court that the Commission's referral did not show that Allen's confession and conviction were factually linked to Burge or his subordinates. Accordingly, the referral was not permitted under the Act and was correctly dismissed.

¶ 18    In the alternative, Allen also contends that the trial court erred in refusing to allow him to amend "his petition" to perhaps add allegations curing the deficiencies alleged in the State's motion to dismiss. We normally review the denial of requests to amend pleadings under an abuse of discretion standard. *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 351 (2002). Allen's request suffers from an incurable flaw. It improperly conflates the distinct procedures utilized in regular postconviction petitions and those employed in referrals under the Act. Standard postconviction petitions "belong" to a criminal defendant in the sense that he has filed them and can request leave to amend them as facts develop. 725 ILCS 5/122-5 (West 2012) ("The court may in its discretion make such order as to amendment of the petition ***."). However, Commission referrals, under the Act, are generated by a proceeding on the record which terminates in the issuance of a formal opinion and referral by the Commission itself. 775 ILCS 40/45(c), (e), 50(a) (West 2012). That referral allows a defendant to bypass the normal first two stages in the postconviction process and advance to a proceeding "akin to" a third-stage postconviction evidentiary hearing (*Christian*, 2016 IL App (1st) 140030, ¶ 78). There is a crucial difference between the two types of proceedings. Unlike in standard postconviction proceedings, here the Commission, not the defendant, referred the Commission's work product to the trial court for further review. Accordingly, the referral is not a document which the

defendant can "amend" as he would his own postconviction petition. Because of this distinction, the court did not abuse its discretion in refusing to allow Allen to amend.

¶ 19     For these reasons, we affirm the judgment of the Circuit Court of Cook County.

¶ 20     Affirmed.