2020 IL App (1st) 171802-U

No. 1-17-1802

March 31, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 7785 |
| | ) | |
| GREGORY AMOS, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Griffin and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the dismissal of defendant's postconviction petition because defendant failed to allege sufficient facts to show that his untimely filing was not due to his culpable negligence.

¶ 2   Defendant Gregory Amos appeals from the circuit court's second-stage dismissal of his petition for relief filed under the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq.* (West 2016). On appeal, defendant contends that the trial court erred in dismissing his petition because he made a substantial showing that he was denied his right to the effective assistance of

plea counsel because counsel (1) ignored his request to withdraw his plea and thus deprived him of his right to appeal; and (2) erroneously advised him that he would face the death penalty if he went to trial and as a result his plea was involuntary. For the following reasons, we affirm.

¶ 3                                I.  BACKGROUND

¶ 4     In connection with a shooting that resulted in the death of Dominque Willis, defendant and two co-defendants were indicted on thirteen counts of first degree murder, eight counts of attempted murder, one count of armed habitual criminal, and four counts of aggravated discharge of a firearm. On March 8, 2011, pursuant to a plea agreement, defendant pled guilty to one count of first degree murder and was sentenced to 38 years' imprisonment.

¶ 5     At the plea hearing, the court admonished defendant that he could be sentenced to "20 to 60 years in the penitentiary." The court also informed defendant that if he wished to appeal, he would first need to file a written motion within 30 days seeking leave to withdraw his guilty plea. Defendant did not file a motion to withdraw the plea.

¶ 6     Over four years later, on October 6, 2015, defendant filed a *pro se* petition for postconviction relief alleging ineffective assistance of his plea counsel. In the petition, defendant asserted that after the court advised him of "his right to withdraw and appeal," he told his plea counsel that he wished to withdraw his guilty plea. According to defendant, his plea counsel stated that he would "visit [defendant] at the jail and go over the grounds for the withdrawal," but never did so. The petition alleged that plea counsel's "failure to consult with him regarding grounds for the withdrawal and appeal caused him to forfeit a judicial proceeding to which he was otherwise entitled."

¶ 7    The *pro se* petition further alleged that had plea counsel consulted with defendant, "counsel would have learned that [defendant] wanted to withdraw his plea based on counsel's statement that he could receive the death penalty if he ch[ose] to go to trial." Defendant also claimed that he felt "pressured" to plead guilty because it "appeared counsel did not want to investigate witnesses" or allow defendant to "review the relevant police reports." Defendant submitted a supporting affidavit stating that plea counsel never moved to withdraw the plea despite defendant's request. The affidavit further averred that defendant's plea counsel "failed to consult with me regarding the case" and "advised me to accept a plea deal because I'm facing the death penalty."

¶ 8    On November 9, 2015, the trial court appointed the Public Defender's Office to represent defendant in connection with his petition. On November 3, 2016, appointed counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c), but appointed counsel did not file an amendment to the petition.

¶ 9    On January 4, 2017, the State filed a motion to dismiss the petition. The State first argued that the petition was untimely under the Act because it was filed more than three years after defendant's conviction, and defendant failed to explain why he was not culpably negligent. The State independently argued that defendant could not demonstrate the prejudice required to establish a claim for ineffective assistance of counsel pursuant to the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984).

¶ 10    On April 18, 2017, defendant's appointed counsel filed a "supplemental petition for post-conviction relief" that "supplements [defendant's] original petition." In that filing, defendant's counsel stated that he had "overlooked" the portion of the original *pro se* petition alleging that defendant had pled guilty "because [plea] counsel told him that if he went to trial he could receive

the death penalty." In the supplemental petition, defendant argued that plea counsel's statement was "objectively unreasonable" under the *Strickland* standard and that defendant was prejudiced because "but for counsel's misrepresentation, [defendant] would have gone to trial." The supplemental petition attached a supporting affidavit in which defendant averred:

"1. When we were discussing my decision about whether to plead guilty or go to trial, my attorney told me that if I went to trial I could be sentenced to death.

2. But for my attorney's misinforming me about the possible sentence I faced, I would have chosen to go to trial.

3. My opportunities for legal research were severely limited in the penitentiary. When, through my research I discovered that the death penalty was not a possible penalty in my case, I promptly filed a post-conviction petition."

¶ 11      On April 18, 2017, the State filed a motion to dismiss the supplemental postconviction petition. That filing incorporated the argument contained in the State's motion to dismiss the original petition. The State further argued that through his plea, defendant "relinquished all claims involving alleged constitutional errors that had occurred prior to" the plea, and thus he waived any ineffective assistance claim premised upon plea counsel's erroneous statement about the death penalty. The State otherwise argued that this claim was rebutted by the plea hearing transcript, which showed that the trial court had explained the applicable sentencing range to defendant.

¶ 12      On May 24, 2017, the court held a hearing on the State's motion to dismiss. The State noted that defendant had "waited now four and a half years" after his plea to file the postconviction petition. The State otherwise argued that his ineffective assistance claim was waived by his plea and that defendant could not show prejudice because, at the plea hearing, he was "fully informed

by the court as to the proper sentencing range." Defendant's counsel did not make any argument but "st[ood] on the petition."

¶ 13    On June 7, 2017, the trial court entered a written order dismissing the petition, finding that defendant's ineffective assistance of counsel claims were without merit. First, to the extent defendant claimed that plea counsel ignored his request to move to withdraw his guilty plea, the court found that defendant "suffered no prejudice" as he "failed to advance any meritorious issues" that would have allowed him to successfully move to withdraw the plea. To the extent defendant alleged ineffective assistance based on plea counsel telling him that he could face the death penalty, the court found this claim was "rebutted by the record." The court emphasized that defendant was admonished before the plea that he could be sentenced to 20 to 60 years and there was "no basis to find that [defendant] was misinformed about the sentencing range." In its dismissal order, the trial court did not address the State's argument that the petition was untimely. On July 7, 2017, defendant filed a timely notice of appeal.[1]

¶ 14                                    II.  ANALYSIS

¶ 15    On appeal, defendant argues that we should reverse the court's dismissal of his petition and remand for a third-stage evidentiary hearing. He argues that he made a substantial showing of a violation of his right to effective assistance of his plea counsel based on (1) counsel's failure to comply with defendant's request to move to withdraw his plea and (2) counsel's erroneous advice that he could face the death penalty if he proceeded to trial.

---

[1] On December 19, 2017, defendant filed a separate appeal (No. 1-18-0061) from a separate November 2017 trial court order denying postconviction relief. Defendant moved to dismiss that appeal on February 21, 2019, and that appeal was dismissed on March 1, 2019.

¶ 16    The State initially responds that we should affirm the dismissal of defendant's petition as untimely under the Act because it was filed more than three years after his conviction and defendant has not alleged a lack of "culpable negligence" to excuse the delay. 725 ILCS 5/122-1(c) (West 2016). The State alternatively argues that we should affirm the dismissal because defendant fails to make a substantial showing that his plea counsel was ineffective.

¶ 17    The Act provides a method by which defendants can assert that their convictions were the result of a substantial denial of their federal or state constitutional rights. 725 ILCS 5/122-1 *et seq.*; *People v. Tate*, 2012 IL 112214, ¶ 8. "A postconviction petition is not an appeal from the judgment of conviction, but is a collateral attack on the trial court proceedings. *Tate*, 2012 IL 112214, ¶ 8.

¶ 18    "The Act sets forth three stages of review. During the first stage, the circuit court may dismiss postconviction petitions that are 'frivolous or * * * patently without merit.' 725 ILCS 5/122-2.1(a)(2) (West 2010). A petition may be summarily dismissed as frivolous or patently without merit only if it has no arguable basis either in law or fact [Citation.]" *People v. Domagala*, 2013 IL 113688, ¶ 32. If the circuit court does not summarily dismiss the petition, it advances to the second stage, where "counsel may be appointed to an indigent defendant and the State may file a motion to dismiss or an answer to the petition. [Citation.] At this stage, the circuit court must determine whether the petition and any accompanying documentation make a 'substantial showing of a constitutional violation.' [Citation.]" *Id.* ¶ 33. If the defendant makes the requisite substantial showing, he is entitled to a third-stage evidentiary hearing, at which the circuit court serves as the fact finder. *Id.* ¶ 34.

¶ 19    In this case, defendant's petition was dismissed at the second stage, at which defendant "bears the burden of making a substantial showing of a constitutional violation." *Id.* ¶ 35. "This

does not mean, however, that evidentiary questions are to be resolved at this stage." *Id.* Rather, "[t]he second stage of postconviction review tests the legal sufficiency of the petition. Unless the petitioner's allegations are affirmatively refuted by the record, they are taken as true, and the question is whether those allegations establish or 'show' a constitutional violation." *Id.* We review *de novo* a second-stage dismissal of a postconviction petition. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 20    At the outset, we address the State's threshold procedural argument: that we should affirm the trial court's dismissal because the petition was time-barred under the Act. For the reasons that follow, we agree and affirm the trial court's dismissal.

¶ 21    The Act provides that "no postconviction petition may be filed more than six months after the denial of a petition for leave to appeal, or three years from the date of conviction, whichever is sooner 'unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.' " *People v. Davis*, 382 Ill. App. 3d 701, 710 (2008); 725 ILCS 5/122-1(c) (West 2016). The State points out that defendant's petition was not filed until 2015, more than four years after defendant's March 2011 conviction. The State argues that defendant has not alleged facts showing that the delay was not due to his culpable negligence.

¶ 22    In response to the State's argument, defendant replies that this court cannot reach the question of whether the petition was timely, because the trial court did not discuss that issue but dismissed the petition on other grounds. Defendant argues that the State is asking this court to "go beyond its jurisdiction" to decide the issue of timeliness because we "cannot review a ruling that does not exist."

¶ 23    Although we acknowledge that the trial court's dismissal order did not address the issue of timeliness, it is well-settled that this court can affirm on any basis apparent from the record, even if not relied upon by the trial court. See, *e.g.*, *People v. Snow*, 2012 IL App (4th) 110415, ¶ 17 ("a reviewing court may affirm a trial court's dismissal at the second stage on any grounds substantiated by the record, regardless of the trial court's reasoning. [Citation.]"); see also *People v. Davis*, 382 Ill. App. 3d 701, 706 (2008) (in the course of affirming second-stage dismissal, noting that "even if it were true that the trial court disregarded the timeliness issue, we would still consider it because we may affirm the trial court's dismissal of a petition on any basis shown by the record even if that basis was rejected by the trial court. [Citations.]").  We review the judgment granting the dismissal, not the trial court's reasoning. See *People v. Cleveland*, 342 Ill. App. 3d 912, 915 (2003) ("It is a long-standing principle that 'it is not the trial court's reasoning which is the subject of this court's review, but, rather, its judgment' " [citation.]). Thus, we reject defendant's suggestion that we lack "jurisdiction" to address the timeliness of the petition.

¶ 24    Defendant's second response to the State's timeliness argument is that it is inappropriate for this court to review the petition's timeliness because it will require us to make impermissible findings of fact and credibility determinations. Nonetheless, we are not required to decide any facts to assess timeliness, as the inquiry under the Act is whether defendant "*alleges* facts showing that the delay was not due to his or her culpable negligence." (Emphasis added.) 725 ILCS 5/122-1(c) (West 2016). As explained by our supreme court, "[o]ur inquiry * * * must focus on whether defendant's *allegations* as presented to the circuit court are sufficient to establish a lack of culpable negligence so as to avoid dismissal of the petition on the basis that it was time-barred." (Emphasis added.) *People v. Rissley*, 206 Ill. 2d 403, 418 (2003); see also *Domagala*, 2013 IL 113688, ¶ 35

(explaining that "evidentiary questions" are not resolved at the second stage, which "tests the legal sufficiency of the petition"). Simply put, we need not make any findings of fact in order to assess whether defendant *alleged* facts showing a lack of culpable negligence.

¶ 25     We thus proceed to examine the petition's timeliness. The parties do not dispute that the petition was filed more than three years after defendant's conviction, from which there was no direct appeal. Thus, it is untimely under the Act "unless the [defendant] allege[d] facts showing that the delay was not due to his * * * culpable negligence." 725 ILCS 5/122-1(c) (West 2014). Although the Act does not define "culpable negligence," our supreme court has held that this standard "contemplates something greater than ordinary negligence and is akin to recklessness." *Rissley*, 206 Ill. 2d at 420 (quoting *People v. Bosclair*, 202 Ill. 2d at 106-08 (2002)). "Lack of culpable negligence is very difficult to establish" and "[a] defendant bears a heavy burden to affirmatively show why the exception to the statute of limitations applies to his case." *People v. Gunartt*, 327 Ill. App. 3d 550, 552 (2002).

¶ 26     In his reply brief, defendant argues that in this case, "the record is sufficient to support a finding that [he] was not culpably negligent." Defendant cites the statements in his affidavit that his "opportunities for legal research were severely limited in the penitentiary" and that he "promptly" filed his petition once he "discovered that the death penalty was not a possible penalty" in his case. Defendant argues that his situation is similar to that in which a defendant's late filing results from his reliance upon incorrect advice from his attorney. See *Rissley*, 206 Ill. 2d at 421 (defendant's untimely filing was not the result of culpable negligence where he relied on his appellate counsel's incorrect advice as to when petition was due, and defendant "had no reason to question" counsel's advice). Defendant does not suggest that he received incorrect advice as to the

filing deadline for his petition, yet he maintains that the "same principle should apply" because he relied on the advice of his plea counsel that he could receive the death penalty if he went to trial. He claims that he did not act in a "culpably negligent manner" because in his affidavit he averred that "he filed his petition as soon as he learned the death penalty was not a possibility in his case."

¶ 27    We note that in discussing culpable negligence, our supreme court has held: "It is well settled that all citizens are charged with knowledge of the law. [Citations.] Ignorance of the law or legal rights will not excuse a delay in filing a lawsuit. [Citations.] Thus, the sole obligation of knowing the time requirements for filing a postconviction petition remains with the defendant." *People v. Lander*, 215 Ill. 2d 577, 588 (2005). This court has similarly recognized that "unfamiliarity with the Act's requirements does not show a lack of culpable negligence" and that "to hold otherwise would vitiate the Act's time constraints because defendants could routinely escape them by 'pleading ignorance.' " *People v. Hampton*, 349 Ill. App. 3d 824, 829 (2004); see also *People v. Diefenbaugh*, 40 Ill. 2d 73, 74 (1968) (defendant's unawareness of the law regarding postconviction proceedings inadequate to demonstrate lack of culpable negligence).    Thus, a defendant who asserts he was not culpably negligent "must support his assertion with allegations of specific fact showing why his tardiness should be excused." *People v. Hobson,* 386 Ill. App. 3d 221, 234 (2008). "Vague, conclusory allegations will not suffice." *People v. Walker*, 331 Ill. App. 3d 335, 340 (2002).

¶ 28    Further, a defendant cannot merely rely on general allegations about the circumstances of incarceration to excuse noncompliance with the Act's time limitation. For example, in *People v. Gerow,* 388 Ill. App. 3d 524 (2009), defendant claimed for the first time on appeal that his 27-month delay in filing the postconviction petition was "because of 'hindrances presented by his

incarceration' and that the date the plea transcript was certified by the court reporter indicates a delay in receiving required information." *Id.* at 531. This court found that "[s]uch an ambiguous excuse, without verification or more factual support, is insufficient to fulfill the [Act's] requirement that a defendant must 'allege [ ] facts showing that the delay was not due to his or her culpable negligence.' [Citation.]" *Id.;* see also *People v. Cruz*, 2013 IL App (1st) 091944, ¶ 21 (rejecting defendant's claim that he was not culpably negligent "due to his reliance on a prison law clerk's erroneous advice as to the time requirements of the Act."); *Walker*, 331 Ill. App. 3d at 341-42 (defendant's "bald assertion that a lockdown hindered his ability to make a timely request for relief" was inadequate where defendant failed to support his claim with "specific factual averment explaining precisely how the asserted lockdown impeded his ability to file a timely petition.").

¶ 29    Defendant's proffered excuse in this case is insufficient. Defendant generally avers that "opportunities for legal research were severely limited in the penitentiary" and that he filed "promptly" when he discovered that he did not face the death penalty. However, he does not identify any particular obstacle that prevented him from learning at an earlier time that he was not subject to the death penalty. A prisoner's mere failure to discover the time limitation of the Act is insufficient to show a lack of culpable negligence. See *People v. Hampton*, 349 Ill. App. 3d 824 (2004) ("the mere fact that defendant's attorney did not tell him of any 'further post-conviction petition time restraints' does nothing to show that defendant was not culpably negligent."). Here, defendant does not identify any specific reason that prevented him from learning of the Act's limitations period. See *id.* ("[U]nlike the defendant in *Rissley*, defendant has not alleged any facts that would show that he did not recklessly disregard the Act's limitations period.").

¶ 30    Defendant failed to make "allegations of specific fact showing why his tardiness should be excused." *Hobson*, 386 Ill. App. 3d at 233. Defendant's bare conclusory assertions about his limited legal research opportunities are insufficient to overcome the proposition that "ignorance of the law * * * will not excuse a delay in filing a lawsuit" and that it is the defendant's "sole obligation" to know the time requirements for filing a postconviction petition. *Lander*, 215 Ill. 2d at 588. We conclude that defendant did not allege facts showing that the delay in filing his untimely petition was not due to his "culpable negligence." 725 ILCS 5/122-1(c) (West 2016). That conclusion independently justified the dismissal of his petition, and we affirm on that basis. Accordingly, we need not address the parties' additional arguments as to whether the petition made a substantial showing of a constitutional violation.

¶ 31                              III.  CONCLUSION

¶ 32    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 33    Affirmed.