2022 IL App (1st) 192189-U

FIFTH DIVISION
MARCH 4, 2022

No. 1-19-2189

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 02252 (01) |
| | ) | |
| BRANDON VEGA, | ) | Honorable |
| | ) | William B. Raines, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court's judgment summarily dismissing the defendant's postconviction petition is vacated and the case is remanded to the trial court for further proceedings.

¶ 2     The defendant-appellant, Brandon Vega, filed a *pro se* postconviction petition in the circuit court of Cook County, alleging that his 61-year sentence for two counts of attempted first degree murder is unconstitutional. The circuit court summarily dismissed the defendant's postconviction petition and the defendant now appeals. For the reasons that follow, we vacate the judgment of the circuit court of Cook County and remand the case for further postconviction proceedings.

¶ 3                                    BACKGROUND

¶ 4        In 2016, the defendant was convicted of two counts of attempted first degree murder and sentenced to a total of 61 years' imprisonment. He was 18 years old at the time of the offense. For a full recitation of facts leading up to the defendant's conviction and sentence, see *People v. Vega*, 2018 IL App (1st) 160619.

¶ 5        On direct appeal, the defendant alleged, *inter alia*, that his 61-year sentence was unconstitutional because it is a *de facto* life sentence that was imposed without proper consideration of his youth and its attendant characteristics pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012). *Id.* ¶ 48. In rejecting the defendant's argument, this court noted that the defendant had not raised his constitutional challenge in the trial court, and so there was no evidentiary hearing to determine whether the tenets of *Miller* applied to him. *Id.* ¶ 57. Consequently, we found that the record was "insufficient to consider the defendant's constitutional challenges." *Id.* In declining to remand the case to the trial court for an evidentiary hearing, we held that the defendant's constitutional claims would be "more appropriately raised in a postconviction petition." *Id.* ¶ 58. Thus, we affirmed his conviction and sentence. *Id.* ¶¶ 46, 70.

¶ 6        On June 26, 2019, the defendant filed a *pro se* postconviction petition, which is the subject of this appeal. The petition alleged that, because the defendant was 18 years old at the time of his offense, his 61-year sentence is unconstitutional pursuant to both the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). The defendant's petition asserted that in accordance with *Miller* and its progeny, including recent case law discussing the science of brain

development in young adults, he is entitled to the *Miller* protections; and without their application, his sentence is unconstitutional.

¶ 7    In support of his argument, the defendant provided the following details regarding his childhood and background:

> "[The defendant's] mother was not involved in his life growing up. Instead, [the defendant] was raised by his father, who had a drug problem and often left [the defendant] unsupervised. [The defendant] sometimes went to his aunt's house, but was bullied by his older cousins and spent much of his time in the streets.
>
> [The defendant] joined a gang, the Maniac Latin Disciples, at age 12, and left school after eighth grade. [The defendant] also started drinking alcohol at that age, and drank a large amount of alcohol almost every day. He passed out and had to have his stomach pumped a couple of times when he was a teenager. His co-defendant Jacqueline Mendoza testified at her trial that [the defendant] drank a lot, got 'out of control' when he drank, and was drunk on the night of this incident. [The defendant] also used marijuana nearly every day since age 12, and occasionally used cocaine and LSD.
>
> * * *
>
> About three years before this trial [*sic*], [the defendant's] father had an accident that left him paralyzed below the neck. [The defendant] learned how to take care of his father, helping him with personal hygiene as well as his rehabilitation."

The defendant attached, to the petition, an affidavit from his cousin, Daisy Maldonado, which attested that the defendant grew up in a "violent, unstable, and harsh environment" and confirmed the details provided by the defendant. He also attached certificates he had earned, during his incarceration, in two different disciplines. The defendant argued that the trial court did not consider his youth and its attendant characteristics or his rehabilitative potential in sentencing him, and therefore, his 61-year sentence is unconstitutional as applied to him.

¶ 8        On August 15, 2019, the trial court summarily dismissed the defendant's postconviction petition on the basis that it was frivolous and patently without merit. In its written order, the trial court noted that the defendant relied upon "recent developments in the field of neuroscience showing that the young adult brain is fundamentally different than that of a fully grown adult" and then the court discussed the evolving case law surrounding the sentencing protections for juveniles and young adults pursuant to *Miller*. The trial court also noted the importance of a factually developed record for as-applied constitutional challenges, such as the defendant's, and found the record in this case to be insufficiently developed. In so finding, the trial court cited this court's decision in the defendant's direct appeal, which found that the record was insufficiently developed in order for this court to find the defendant's sentence unconstitutional. The trial court further found that the defendant's petition did not provide any new facts that were not previously available in the record. Thus, the trial court held that the defendant's postconviction petition could not survive the first stage of proceedings. This appeal followed.

¶ 9                                    ANALYSIS

¶ 10    Initially, this court entered an order in this case ruling that we lacked jurisdiction to consider the defendant's appeal because he failed to file a timely notice of appeal in accordance

with Illinois Supreme Court Rules 606(b) and 373 (eff. July 1, 2017). The defendant petitioned the Illinois Supreme Court to exercise its supervisory power to allow this court to consider his appeal notwithstanding his failure to comply with Rules 606(b) and 373. Subsequently, our supreme court issued a supervisory order directing us to vacate our judgment in which we found that we lacked jurisdiction. Thus, we now consider the merits of this appeal.

¶ 11 The defendant presents the following issue for our review: whether the trial court erred in summarily dismissing his postconviction petition. He argues that the factual allegations in his petition made an arguable claim that his 61-year sentence is unconstitutional, as applied to him. The defendant claims that his petition should advance to second-stage proceedings.

¶ 12 The Post-Conviction Hearing Act provides a procedural mechanism through which a criminal defendant can assert that his constitutional rights were substantially violated in his original trial or sentencing hearing. 725 ILCS 5/122-1 (West 2018); *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding contains three distinct stages. *People v. Gallano*, 2019 IL App (1st) 160570, ¶ 22. The trial court may dismiss a petition during the first stage if it determines that the petition is frivolous or patently without merit. *Id*. As most postconviction petitions are drafted by *pro se* defendants, the threshold for a petition to survive the first stage of proceedings is low. *People v. Allen*, 2015 IL 113135, ¶ 24. We review *de novo* a trial court's first-stage dismissal of a postconviction petition. *People v. Shipp*, 2015 IL App (2d) 131309, ¶ 7.

¶ 13 The basis for the defendant's postconviction petition in this case is that his 61-year sentence is unconstitutional pursuant to both the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. His argument is premised upon

recent case law governing the sentencing of juveniles and young adult offenders, which is an evolving area of law. The United States Supreme Court in *Miller* held that mandatory life sentences without the possibility of parole, imposed upon juvenile defendants (those who are under 18 years old), are unconstitutional under the eighth amendment of the United States Constitution because such sentences prevent the trial court from considering the mitigating qualities of youth, such as the defendant's age, background, and mental and emotional development. *Miller*, 567 U.S. at 476, 489.

¶ 14     The Illinois Supreme Court has interpreted *Miller* in a manner applicable to juvenile defendants convicted and sentenced under Illinois law. Under that interpretation, our supreme court has determined that a life sentence, whether natural or *de facto*, whether mandatory or discretionary, is unconstitutional for juveniles where the trial court did not consider the mitigating qualities of youth described in *Miller*. *People v. Reyes*, 2016 IL 119271, ¶ 9 ("sentencing a juvenile offender to a mandatory term of years that is the functional equivalent of life without the possibility of parole constitutes cruel and unusual punishment in violation of the eighth amendment"); *People v. Holman*, 2017 IL 120655, ¶ 40 (life sentences, whether mandatory or discretionary, for juvenile defendants are disproportionate and violate the eighth amendment, unless the trial court considers the defendant's youth and its attendant characteristics). And in *People v. Buffer*, 2019 IL 122327, our supreme court drew the line at 40 years in order for a prison term to be considered a *de facto* life sentence. *Id.* ¶ 40.

¶ 15     In light of *Miller* and new sentencing protections for juveniles, the Illinois Supreme Court opened the door for young adult offenders (those between the ages of 18 and 20) to demonstrate that their own specific characteristics at the time of their offense were so like those of a juvenile

that the imposition of a life sentence, absent the safeguards established in *Miller*, violates the proportionate penalties clause of the Illinois Constitution. *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 25; see *People v. Thompson*, 2015 IL 118151, ¶ 44 (the 19-year-old defendant could not challenge his sentence as unconstitutional as applied to him pursuant to *Miller* for the first time on direct appeal but was "not necessarily foreclosed" from asserting the claim in postconviction proceedings). In *People v. Harris*, 2018 IL 121932, the Illinois Supreme Court reversed this court's holding that the 18-year-old defendant's sentence of 76 years violated the proportionate penalties clause of the Illinois Constitution. *Id.* ¶ 40. The court explained, however, that the defendant did not raise his as-applied constitutional challenge in the trial court, which meant that the trial court did not hold an evidentiary hearing on the constitutional claim and therefore did not make any findings of fact on the defendant's specific circumstances. *Id.* Our supreme court reasoned that, in turn, this court "held [the] defendant's sentence violated the Illinois Constitution without a developed evidentiary record on the as-applied *** challenge." *Id.* In so ruling, the supreme court set in motion a method for young adult offenders to demonstrate, through an adequate factual record, that the tenets of *Miller* apply to them. *Daniels*, 2020 IL App (1st) 171738, ¶ 25. Notably, Illinois courts consider the sentencing claims of young adult offenders under the proportionate penalties clause of the Illinois Constitution rather than the eighth amendment of the United States Constitution. *People v. Franklin*, 2020 IL App (1st) 171628, ¶ 51.

¶ 16    Since our supreme court has opened the door for the *Miller* tenets to apply to young adult offenders in sentencing, this court has remanded numerous cases for further postconviction proceedings where the defendants, between the ages of 18 and 20, have yet to have the opportunity to ask a court to consider whether they were more akin to juveniles than adults at the time of their

offenses. See *Franklin*, 2020 IL App (1st) 171628, ¶ 63 (noting the recent trend in treating offenders under 21 years old differently than adults in remanding the 18-year-old defendant's postconviction petition for further proceedings); *Daniels*, 2020 IL App (1st) 171738, ¶ 34 (remanding for further postconviction proceedings on the 18-year-old defendant's petition because the law has continued to trend in the direction of increased protections for youthful offenders); *People v. Ross*, 2020 IL App (1st) 171202, ¶ 27 (ordering further proceedings on the 19-year-old defendant's petition to allow the trial court to determine whether the defendant's individual characteristics at the time of the offense rendered him functionally younger than 19 years old); and *People v. Bland*, 2020 IL App (3d) 170705, ¶ 14 (held that the defendant, who was 19 years old at the time of his offense, pled enough facts to warrant further proceedings on his claim that *Miller* applies to him where he had been diagnosed with an antisocial personality disorder and exhibited symptoms similar to characteristics of juveniles).

¶ 17 The instant case, where the defendant was 18 years old at the time of his offense, is analogous to the body of recent cases on this subject. Importantly, the defendant explicitly pled, in his petition, details about his troubled childhood, including abuse and neglect; his substance abuse; and his lack of education. He also referenced the budding science surrounding young adult brains and pled facts demonstrating his potential for rehabilitation, with supporting documentation. All of those details have a potential bearing on the trial court's evaluation of the defendant's emotional and mental development and are therefore sufficient to warrant further proceedings in the trial court under current Illinois law. "Because most petitions are drafted at [the first] stage by defendants with little legal knowledge or training, this court views the threshold for survival as low." *People v. Tate*, 2012 IL 112214, ¶ 9. See also, *People v. Evans*, 2021 IL App

(1st) 172809, ¶ 19 (at the pleading stage, the defendant is not required to prove anything, he only needs to plead *some facts* justifying further proceedings).

¶ 18    During the pendency of this appeal, the defendant filed a motion to cite additional authority, *People v. House*, 2021 IL 125124, which we consider and resolve within the context of our ruling on appeal. We now grant that motion and consider *House* in our analysis. In *House*, our supreme court confirmed that an evidentiary hearing, where the record is fully developed, is needed for a reviewing court to find that a young adult offender's sentence violates the proportionate penalties clause of the Illinois Constitution as applied to him. *Id.* ¶ 31. This is because, "by definition, as-applied constitutional challenges are dependent on the specific facts and circumstances of the challenging party." *Id.* ¶ 27.

¶ 19    As the trial court did not have an opportunity to consider the facts, which the defendant has now put before us, nor did it have the opportunity to hold an evidentiary hearing in this case, we cannot yet determine whether the defendant's sentence is unconstitutional. However, we do find that the defendant adequately pled sufficient facts to advance his petition to second-stage postconviction proceedings. If the defendant's petition survives second-stage postconviction proceedings, the petition shall advance to the third-stage, where the trial court shall conduct an evidentiary hearing. *Tate*, 2012 IL 112214, ¶ 10. Such an evidentiary hearing will allow the trial court to determine, *based on a fully developed record*, whether the defendant's individual characteristics at the time of his offense rendered him functionally younger than 18 years old, and consequently, whether his 61-year sentence is unconstitutional pursuant to the Illinois Constitution as applied to him. See *Ruiz*, 2020 IL App (1st) 163145, ¶¶ 54-55 (when a young adult raises claims that the *Miller* line of cases applies to him, he must first plead, and ultimately prove, that his

individual characteristics render him functionally younger than his stated age, such that the application of *Miller* is required).

¶ 20    The State argues that all of the facts alleged in the defendant's petition were already available for the trial court to consider during his sentencing hearing, and so he cannot now simply point to those same facts to invoke *Miller*. However, there is a distinction between facts regarding the defendant's youth and background being available for the trial court's consideration as mitigating factors and those same facts being considered by the trial court for the purposes of a *Miller* analysis. See *People v. Morris*, 2017 IL App (1st) 141117, ¶ 32 (although the trial court commented on the defendant's youth and upbringing and acknowledged that it read the defendant's PSI, this court did not find those observations "to be [] equivalent to a full consideration of those special characteristics contained within the PSI report"). This is especially true since the defendant was not a juvenile and so there was never an evidentiary hearing to determine if the tenets of *Miller* even applied to him. To accept the State's argument would be to put the cart before the horse. See *Ross*, 2020 IL App (1st) 171202, ¶ 27 (the first step is for the young adult offender to prove that *Miller* and its progeny apply to him; *then* the trial court goes on to consider whether the original sentencing hearing complied with *Miller*). Accordingly, it is premature to determine whether the defendant's original sentencing hearing complied with *Miller*.

¶ 21    In sum, at this stage, the merits of the defendant's claim that his 61-year sentence violates the proportionate penalties clause of the Illinois Constitution as it applies to him, cannot be determined. Nonetheless, the facts pled in the defendant's postconviction petition warrant further proceedings in order to make a determination. It is important to establish, however, that the defendant's claim pursuant to the eighth amendment of the United States Constitution does not

have merit within the context of this case, as the law has drawn the line at 18 years old for a defendant to seek relief under the eighth amendment of the United States Constitution in the manner that the defendant is attempting to do here. See *Franklin*, 2020 IL App (1st) 171628, ¶ 51 ("federal cases have generally drawn a line at 18 years of age [citation] and *** the proportionate penalties clause offers a broader path to the same types of relief"); see also, *People v. Patterson*, 2014 IL 115102, ¶ 110; *People v. Lusby*, 2020 IL 124046, ¶ 33. While the defendant's claim pursuant to the eighth amendment of the United States Constitution is meritless (see *People v. Harris*, 2018 Il 121932, ¶ 61), his entire petition shall nevertheless advance to the second stage of proceedings since we found that his claim pursuant to the proportionate penalties clause of the Illinois Constitution warrants further proceedings. In so doing, we follow the established principle that, "[i]f a single claim in a multiple-claim postconviction petition survives the summary dismissal stage of proceedings under the Post–Conviction Hearing Act, then the entire petition must be docketed for second-stage proceedings regardless of the merits of the remaining claims in the petition." *People v. Romero*, 2015 IL App (1st) 140205, ¶ 27. Thus, we remand the case to the trial court for second-stage proceedings. Additionally, we order the appointment of counsel to represent the defendant upon remand to the trial court.

¶ 22                                CONCLUSION

¶ 23    For the foregoing reasons, we vacate the judgment of the circuit court of Cook County and remand the case to that court for further proceedings consistent with this order.

¶ 24    Vacated and remanded.