2026 IL App (1st) 242228-U

No. 1-24-2228

Order filed February 24, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 01 CR 23532 |
| | ) | |
| JUAN MACIAS, | ) | Honorable |
| | ) | Mary M. Brosnahan, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices Ellis and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's second-stage dismissal of a postconviction petition where defendant filed his petition over 13 years late.

¶ 2    Defendant Juan Macias appeals from the circuit court's second-stage dismissal of his petition under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). The circuit court found that under section 122-1(c), defendant had to file his postconviction petition by October 20, 2009, six months after the United States Supreme Court denied *certiorari*

on April 20, 2009. *Macias v. Illinois*, 556 U.S. 1187 (2009). Defendant filed his petition on January 11, 2023, more than 13 years after the deadline. On appeal, defendant does not challenge the circuit court's finding that his petition was untimely. Rather, he contends that we must allow him to "establish a record" that he was more like a juvenile than an adult "at the time of sentencing" even though he was 18 years old at the time of the offense. For the following reasons, we affirm.

¶ 3                                   I. BACKGROUND

¶ 4       On September 2, 2004, a jury found defendant guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2004)) based on accountability. The evidence showed that defendant was a member of the Latin Souls street gang. Defendant believed that a rival gang, LaRazas, murdered Javier Garza, a member of defendant's gang. After Garza's funeral, defendant gave a gun to Sergio Jimenez, a fellow member of the Latin Souls, and ordered him to retaliate against LaRazas. Jimenez then shot and killed Hector Chavez.[1] On November 16, 2004, the trial court sentenced defendant to 27 years for first degree murder plus a 15-year firearm enhancement for a total of 42 years in prison.

¶ 5       On direct appeal, defendant raised several claims of error and argued that the trial court erred in enhancing his sentence. *People v. Macias*, 371 Ill. App. 3d 632, 634 (2007). This court affirmed. *Id.* On May 31, 2007, the Illinois Supreme Court denied defendant's petition for leave to appeal. *People v. Macias*, 224 Ill. 2d 586 (2007). On September 24, 2008, the Illinois Supreme Court denied defendant's second petition for leave to appeal. *People v. Macias*, 229 Ill. 2d 645 (2008).

---

[1]There is no indication in the record as to whether Chavez is a member of LaRazas.

¶ 6     On December 15, 2008, defendant filed a petition for a writ of *certiorari* in the United States Supreme Court. On April 20, 2009, the Supreme Court denied *certiorari*. *Macias*, 556 U.S. at 1187. These filings and decisions are not included in the record on appeal, but we take judicial notice of the United States Supreme Court's publicly available online docket. See *Seiden Law Group, P.C. v. Segal*, 2021 IL App (1st) 200877, ¶ 5 n.1 (Illinois appellate courts may take judicial notice of federal dockets).

¶ 7     On January 11, 2023, defendant filed his postconviction petition. Relevant here, defendant argued that the trial court violated the proportionate penalties clause by sentencing him to 42 years in prison without considering his youthful characteristics at the time of the offense, which he committed when he was 18 years old.  Specifically, defendant's postconviction petition contended that the trial court violated (1) the eighth amendment (U.S. Const., amend. VIII) and *Miller v. Alabama*, 567 U.S. 460 (2012), by imposing a *de facto* life sentence without considering defendant's age of 18 years at the time of the offense, (2) the Illinois Constitution's proportionate penalties clause (Ill. Const. 1970, art. I § 11) by imposing a 42-year sentence without considering defendant's youth at the time of the offense, and (3) the proportionate penalties clause by not considering his rehabilitative potential at sentencing. On appeal, defendant raises only his age-based proportionate penalties claim.

¶ 8     Defendant also contended that his petition was "timely" based on "recent case law" extending the juvenile sentencing principles of *Miller* to 18 and 19 year olds, such as *People v. Buffer*, 2019 IL 122327, *People v. Garcia*, 2022 IL App (2d) 210488, *People v. Vega*, 2022 IL App (1st) 192189-U, *People v. Vega*, 2022 IL App (1st) 200663-U, *People v. Ruiz*, 2020 IL App (1st) 163145, and *People v. House*, 2019 IL App (1st) 110580-B. As best we can tell, defendant

was suggesting that he could not have filed his postconviction petition until after these cases were decided.

¶ 9     The circuit court advanced defendant's petition to the second stage, although its basis for doing so is not clear from the record. The State then moved to dismiss the petition, arguing that it was untimely under section 122-1(c). 725 ILCS 5/122-1(c) (West 2022). However, the State did not identify the deadline for defendant's postconviction petition under section 122-1(c) or explain *why* it was untimely. Rather, the State simply insisted that the petition was untimely and defendant failed "to justify his late filing" or "provide any facts to show he lack[ed] culpable negligence" for the untimely filing. A transcript of the hearing on the State's motion to dismiss indicates that defendant filed a response to the State's motion, but that response is not included in the record on appeal.

¶ 10     At oral argument on the State's motion to dismiss, defendant contended that his petition could not be untimely because an unconstitutional "sentence can be attacked at any time in any form." Defendant argued that his petition should proceed to the third stage "to make a record" showing that his sentence "shocks the conscience based on his absence of [a criminal] record [as an adult] and his age."

¶ 11     The circuit court granted the State's motion to dismiss, finding that defendant's petition was untimely under section 122-1(c). The court explained that the United States Supreme Court denied *certiorari* on April 20, 2009; so, under section 122-1(c), defendant had to file his postconviction petition within six months, by October 20, 2009. Defendant filed the petition more than 13 years later, on January 11, 2023, rendering it untimely. The court acknowledged that "[a] delay [in filing] is not due to a postconviction petitioner's culpable negligence where the law and

legal doctrine governing the petitioner's claims was evolving and was not clarified until after the deadline," citing *People v. Lighthart*, 2023 IL 128398, ¶ 73. However, the court found that changes in the law regarding the sentencing of juveniles and young adults did not excuse defendant's untimely postconviction petition. Although *Miller* created new case law governing juvenile sentencing under the eighth amendment, it "did not present new proportionate penalties clause principles with respect to discretionary sentencing of young adult offenders" like defendant. The court explained that long before *Miller* was decided, "a young adult defendant had the tools to construct a claim that his sentence violated the proportionate penalties clause." Defendant could have raised his age-based proportionate penalties clause at any time; he did not need to wait until 2023 for the law to develop. Therefore, the court dismissed defendant's petition.

¶ 12   Defendant timely appealed.

¶ 13                                    II. ANALYSIS

¶ 14   We resolve this appeal based on the timeliness requirement of section 122-1(c), which provides that "no proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2022).

¶ 15   On appeal, defendant does not challenge the circuit court's finding that his postconviction petition was untimely under section 122-1(c), nor does he argue that his "delay [in filing the petition] was not due to his *** culpable negligence." See 725 ILCS 5/122-1(c) (West 2022). Rather, he argues primarily that "case law" requires "courts to allow young adults to establish a record that their situation made them more like juveniles than adults at the time of sentencing."

¶ 16    The Act allows a defendant to raise a claim that his conviction or sentence resulted from a substantial denial of his constitutional rights. *People v. Clark*, 2023 IL 127273, ¶ 38; 725 ILCS 5/122-1(a)(1) (West 2022). The Act provides a three-stage process by which a criminal defendant can allege that the court violated his constitutional rights at trial or sentencing. *People v. English*, 2013 IL 112890, ¶ 21. In this case, the circuit court dismissed defendant's petition at the second stage. At the second stage, the trial court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 33. The second stage tests the legal sufficiency of the petition, and the court may not engage in fact-finding or weigh credibility. *Id.* ¶ 35 (quoting *People v. Coleman*, 183 Ill. 2d 366, 385 (1998)). The State may file responsive pleadings at the second stage. *People v. House*, 2021 IL 125124, ¶ 17. If the State files a motion to dismiss the petition, the circuit court must decide whether to grant the State's motion or advance the petition to the third stage for an evidentiary hearing. *People v. Dupree*, 2018 IL 122307, ¶ 28. We review the second-stage dismissal of a postconviction petition *de novo*, meaning that we perform the same analysis as the trial court. See *People v. Cotto*, 2016 IL 119006, ¶ 24. We take as true all well-pleaded facts not positively rebutted by the trial record, and the question is whether the allegations, if proven at an evidentiary hearing, would entitle a defendant to relief. *Dupree*, 2018 IL 122307, ¶ 28.

¶ 17                          A. Timeliness under Section 122-1(c)

¶ 18    As explained above, section 122-1(c) provides in relevant part that "no proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not

due to his or her culpable negligence."[2] 725 ILCS 5/122-1(c) (West 2022). The denial of *certiorari* constitutes the "conclusion of proceedings in the United States Supreme Court" and triggers the six-month deadline for filing a postconviction petition. See, *e.g.*, *People v. Caballero*, 179 Ill. 2d 205, 214 n.1 (1997) ("a second post-conviction petition filed within six months after the Supreme Court's denial of *certiorari* from a defendant's initial post-conviction petition is timely under section 122-1") (emphasis omitted); *People v. Chaffin*, 2021 IL App (1st) 200453-U, ¶ 23 ("defendant was required to file his petition by August 20, 2018, six months from February 20, 2018, the date his petition for a *writ of certiorari* was denied."); *People v. Allen*, 322 Ill. App. 3d 724, 726 (2001) ("the six-month limitations period set forth in section 122-1" commences when "the Supreme Court denies a defendant's petition for writ of *certiorari*" regardless of whether the defendant files a petition for rehearing).

¶ 19    Here, the United States Supreme Court denied *certiorari* on April 20, 2009. Defendant had to file his postconviction petition within six months, by October 20, 2009. See 725 ILCS 5/122-1(c) (West 2022). He filed his petition on January 11, 2023, more than 13 years after the deadline. Therefore, defendant's postconviction petition is untimely. Defendant's appellate brief does not challenge this conclusion, so he has forfeited any argument that his postconviction petition complied with section 122-1(c). See *People v. Hayden*, 338 Ill. App. 3d 298, 310 (2003); Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not argued on appeal are forfeited).

¶ 20                         B. Lack of Culpable Negligence

---

[2]"The applicable statute of limitations for a postconviction petition is the one in effect at the time the petition is filed." *People v. Harris*, 224 Ill. 2d 115, 125 n.1 (2007). This is the version that was in effect when defendant filed his postconviction petition on January 11, 2023.

¶ 21    Section 122-1(c) provides an exception to the six-month deadline for filing a postconviction petition. A defendant can avoid dismissal of an untimely petition if he alleges facts demonstrating that the delay in filing was not due to his culpable negligence. *People v. Johnson*, 2017 IL 120310, ¶ 36; 725 ILCS 5/122-1(c) (West 2022). Defendant does not argue this on appeal, but did raise it in his postconviction petition. We review the circuit court's conclusion regarding lack of culpable negligence *de novo* (*People v. Gerow*, 388 Ill. App. 3d 524, 527 (2009)), so we address the argument defendant's postconviction petition made on this point.

¶ 22    "[C]ulpable negligence in the context of section 122-1(c) of the Act contemplates something greater than ordinary negligence and is akin to recklessness." *Lighthart*, 2023 IL 128398, ¶ 73 (citing *People v. Boclair*, 202 Ill. 2d 89, 106-08 (2002)). Delay in filing a postconviction petition is "not due to the postconviction petitioner's culpable negligence where the law and legal doctrine governing petitioner's claims was evolving and was not clarified" until after the six-month deadline under section 122-1(c) had passed. *Id.* However, "ignorance of the law will not excuse any delay in bringing a postconviction petition." *Id.*

¶ 23    Defendant argued that his delay in filing his postconviction petition was not due to his culpable negligence because Illinois case law extending *Miller*'s protections to 18 and 19-year-old offenders developed between 2019 and 2022; therefore, he could not have filed his postconviction petition until 2023. However, those developments did not affect the law governing defendant's age-based proportionate penalties claim. See *People v. Moore*, 2023 IL 126461, ¶ 42 ("*Miller* did not change the law applicable to young adults *** for [] proportionate penalties challenges"). Defendant was 18 years old at the time of the offense, so he has always been able to raise an age-based proportionate penalties challenge of his sentence. See *Clark*, 2023 IL 127273, ¶ 87. The

proportionate penalties clause has existed since 1970 and "Illinois cases have long held the proportionate penalties clause required the circuit court to take into account the defendant's youth and mentality in fashioning an appropriate sentence." (Internal quotation marks omitted.) *Id.* ¶ 92 (collecting cases dating back to 1972); see, *e.g.*, *People v. Adams*, 8 Ill. App. 3d 8, 13 (1972) (reduced 18 year old defendant's sentence for murder based on his age, despite "heinous nature of the crime committed"). Even prior to *Miller* and the Illinois case law it produced, defendant has always "had the tools to construct a claim that his sentence violated the proportionate penalties clause because the sentencing judge did not take into account (1) his youth and (2) how his particular neurobiological development affected his maturity and decision-making." See *People v. Leach*, 2024 IL App (4th) 230298, ¶ 83. Defendant could have raised his age-based proportionate penalties claim at his sentencing hearing in 2004, on direct appeal in 2006 or 2007, or within six months of the Supreme Court's denial of *certiorari* in April 2009. Accordingly, defendant's petition fails to allege facts demonstrating that his delay in filing was not the result of his culpable negligence, so that exception does not excuse his untimely filing. See, *e.g.*, *People v. Everhart*, 2025 IL App (1st) 231255-U, ¶ 61.

¶ 24                          C. "Void" Sentence

¶ 25    Finally, defendant briefly argues that his sentence is unconstitutional, and thus void, and he can challenge a void sentence at any time.

¶ 26    It is true that a defendant can challenge a void judgment, including a sentence, at any time. *People v. Castleberry*, 2015 IL 116916, ¶ 11. However, defendant's sentence in this case is not void; it is at most void*able*. An unconstitutional sentence is not presumptively void. See *People v. Morfin*, 2012 IL App (1st) 103568, ¶ 31. A sentence is void if the sentencing court lacked

jurisdiction or exceeded its jurisdiction. *People v. Thompson*, 2015 IL 118151, ¶ 31; *People v. Davis*, 156 Ill. 2d 149, 155-56 (1993). Defendant has never contended that is the case. By contrast, a sentence is void*able* if the court had jurisdiction to impose the sentence but erred in doing so. See *Davis*, 156 Ill. 2d at 155-56; *People v. Cole*, 2016 IL App (1st) 141664, ¶ 37. That is the argument defendant makes; he claims that the trial court erred in imposing a 42-year sentence without considering his youth. A defendant cannot challenge a void*able* sentence at any time. See *People v. Anderson*, 402 Ill. App. 3d 186, 189 (2010); *People v. Ramirez*, 361 Ill. App. 3d 450, 454 (2005). Rather, he must timely raise the claim of sentencing error. See *People v. Sims*, 378 Ill. App. 3d 643, 648 (2007). Defendant did not raise his age-based proportionate penalties claim until more than 13 years after the time for filing a postconviction petition expired. See 725 ILCS 5/122-1(c) (West 2022). Accordingly, we affirm the dismissal of defendant's postconviction petition as untimely.

¶ 27                                    III. CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.