THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH HAMPTON, Defendant-Appellant.

Second District    No. 2—02—1130

Opinion filed April 13, 2004.

Robert J. Agostinelli and Carrie B. Marche, both of State Appellate Defender's Office, of Ottawa, for appellant.

Timothy J. McCann, State's Attorney, of Yorkville (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Abdul-Hakim Shabazz, of Springfield, for the People.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Joseph Hampton, appeals the grant of the State's motion to dismiss his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)). The trial court held that the petition was untimely and that defendant had not alleged facts showing that the delay was not due to his culpable negligence (see 725 ILCS 5/122—1(c) (West 2000)). On appeal, defendant admits that the petition was untimely but argues that he pleaded facts that would establish that he was not culpably negligent. We affirm.

In 1991, defendant pleaded guilty to two counts of attempted murder (Ill. Rev. Stat. 1991, ch. 38, pars. 8—4(a), 9—1(a)(2)), and one count each of aggravated battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—4(a)) and armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a)). He was sentenced to consecutive prison terms of 60 and 45 years for attempted murder and concurrent terms of 5 and 30 years on the other charges. In 1993, this court reversed the judgment and remanded the cause, with directions to allow defendant to withdraw his guilty plea and plead anew. *People v. Hampton*, 249 Ill. App. 3d 873 (1993).

On October 27, 1994, after a bench trial, defendant was convicted of two counts of attempted murder, two counts of aggravated battery, and one count of armed robbery. He received consecutive 30-year prison terms for the attempted murder convictions and the armed robbery conviction and a concurrent term of 10 years for aggravated battery. On April 10, 1996, we affirmed the judgment. See *People v. Hampton*, No. 2—95—0123 (1996) (unpublished order under Supreme Court Rule 23). On October 2, 1996, our supreme court denied defendant's petition for leave to appeal.

On December 5, 2001, defendant petitioned *pro se* for relief under the Act, alleging that he had been denied his right to a jury trial and that his sentencing violated due process and equal protection. In addition to recounting the history of the criminal case, defendant stated in

part as follows. On November 12, 1997, defendant filed a petition for *habeas corpus* in federal district court. On September 21, 1998, the action was dismissed, and on July 6, 2000, the federal appellate court "denied the appeal from the *** judgment." In January 2001, the Supreme Court denied defendant's petition for *certiorari* in the federal *habeas corpus* proceeding.

Defendant conceded that his postconviction petition was untimely under section 122—1(c) of the Act (725 ILCS 5/122—1(c) (West 2000)). Section 122—1(c) states:

> "No proceedings *** shall be commenced more than *6 months after the denial of a petition for leave to appeal* or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, *unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.*" (Emphasis added.) 725 ILCS 5/122—1(c) (West 2000).

Defendant alleged that his delay in filing the petition did not result from his culpable negligence:

> "As the above procedural history illustrates, petitioner has taken advantage of his right to appeal and has properly and procedurally [*sic*] presented his claims in various courts. Petitioner was never informed by his attorneys' [*sic*] that he had a right to file a postconviction petition and relied on the advice and counsel of his attorney's [*sic*] as to which procedural steps were taken [*sic*] to present his claims of constitutional deprivation."

After the trial court appointed counsel for defendant, he filed an amended postconviction petition that repeated the argument just set out and attached his affidavit. The pertinent parts of the affidavit stated as follows. Defendant used his "best efforts to move forward with this Petition," but his attorney did not tell him when his petition for *certiorari* had been denied. Defendant called his attorney to ask about the status of the *certiorari* petition and was told that "it was denied." He "finally received a letter from his attorney advising him of the denial of the Writ but not informing him of his further postconviction petition time restraints." To defendant's knowledge, his petition for *certiorari* was denied on April 23, 2001. His attorney did not tell him "the time constraints for filing any further post-conviction petitions." Had defendant known of these constraints, he would have filed his petition on time.

The State moved to dismiss the amended petition as time-barred. The trial court granted the motion. The court ruled that the petition

was due six months after the supreme court's October 2, 1996, denial of leave to appeal and that defendant had not alleged facts to show that he was not culpably negligent in missing the filing deadline by 56 months. The court distinguished *People v. Rissley*, 206 Ill. 2d 403 (2003), explaining that there the defendant had reasonably relied on his attorney's specific advice but that here, defendant had received no advice from his attorney. Therefore, defendant had not been misled about when he needed to file his petition. Because defendant was presumed to know the law, his tardiness resulted from his culpable negligence and not from any extenuating circumstances. After the court dismissed the amended petition, defendant timely appealed.

Under section 122—1(c) of the Act, defendant's postconviction petition was due April 2, 1997, six months after the supreme court denied him leave to appeal (see 725 ILCS 5/122—1(c) (West 2000)). The petition was not filed until December 5, 2001. Defendant maintains that under *Rissley*, he pleaded sufficient facts to establish that the delay did not result from his culpable negligence. On our *de novo* review (see *People v. Rish*, 336 Ill. App. 3d 875, 882 (2003)), we disagree.

In *Rissley*, the defendant filed a *pro se* postconviction petition six days after the statutory period expired. The defendant's amended petition alleged in part that the attorney who represented him on his direct appeal told him that he had three years from the date of sentencing to file a postconviction petition. An affidavit from the attorney corroborated this assertion. (The attorney may have relied on the prior version of section 122—1(c), effective until July 1, 1995, under which the defendant would indeed have had three years from sentencing to file his petition. See Pub. Act 88—678, eff. July 1, 1995; *Rissley*, 206 Ill. 2d at 414-15.) The trial court refused to dismiss the petition as untimely. *Rissley*, 206 Ill. 2d at 410-11, 418.

The supreme court agreed with the trial court that the amended petition alleged facts that established the defendant's lack of culpable negligence. The court explained that in *People v. Boclair*, 202 Ill. 2d 89, 106-08 (2002), it had construed "culpable negligence" broadly so as to ensure that defendants will not be unfairly deprived of the opportunity to have their constitutional claims adjudicated. *Rissley*, 206 Ill. 2d at 421. Thus, *Boclair* defined "culpable negligence" as not mere ordinary negligence but something "akin to recklessness." *Rissley*, 206 Ill. 2d at 419-20; see *Boclair*, 202 Ill. 2d at 108.

Applying this definition, the *Rissley* court held that the amended petition established that the defendant's delay was not due to his culpable negligence. The court emphasized that the defendant had reasonably relied on the specific advice of his appellate counsel, with

whom he had remained in close contact, and that the defendant had had no reason to question the attorney's interpretation of the Act. Thus, the defendant had had "every reason to believe" that his petition was timely, and, moreover, had filed his petition before the due date that his attorney had supplied. *Rissley*, 206 Ill. 2d at 421. These facts showed that the defendant had acted in good faith and not recklessly or with indifference to the Act's commands. *Rissley*, 206 Ill. 2d at 421-22. Also, while the supreme court did not stress the fact, we note that the petition was less than a week late.

Here, the situation is altogether different from that in *Rissley*. Defendant's petition was not late by a mere 6 days but by 56 months. While the length of the delay alone is not dispositive, it stands to reason that a defendant who waits nearly five years beyond the statutory deadline to file a petition has more explaining to do than one who is late by less than a week. Being tardy by six days is far less inherently suggestive of recklessness than is missing the deadline by several years.

More important, unlike the defendant in *Rissley*, defendant has not alleged any facts that would show that he did not recklessly disregard the Act's limitations period. In *Rissley*, the defendant relied on an attorney who told him specifically that he had three years from the date of the sentencing to file his postconviction petition. The supreme court emphasized that it may be reasonable for a *pro se* defendant to rely on an attorney's construction of a statute, even if the attorney turns out to have been mistaken. *Rissley*, 206 Ill. 2d at 421. Understandably, a nonlawyer defendant had deferred to the advice of a legal professional. Thus, the defendant had been affirmatively misled (albeit unintentionally) by one in whom he reasonably placed his trust.

Here, by contrast, defendant's attorney never told him that he could delay filing his petition until 56 months after the denial of leave to appeal in the criminal case. Indeed, aside from the conclusion that defendant "relied on the advice and counsel of his attorney's [*sic*] as to which procedural steps were taken [*sic*] to present his claims," the amended petition never asserted that defendant's attorney gave him any advice at all. Even the quoted statement does not imply that counsel told defendant anything about when defendant needed to file his petition.

The affidavit attached to the amended petition does not help defendant. It states only that (1) defendant's attorney failed to tell him when the Supreme Court denied his petition for *certiorari* in his federal *habeas corpus* action; and (2) the attorney did not inform defendant of "his further post-conviction petition time restraints."

Neither fact supports defendant's claim that he was not culpably negligent. The proceedings in the federal case were completely irrelevant to the timeliness of the petition. Section 122—1(c) says nothing about federal postconviction proceedings. Moreover, by the time that defendant filed the federal suit, the deadline set out in section 122—1(c) had long since passed. What the attorney told defendant about the progress of the federal suit could not have excused defendant's failure to pursue his state remedy diligently.

Similarly, the mere fact that defendant's attorney did not tell him of any "further post-conviction petition time restraints" does nothing to show that defendant was not culpably negligent. Indeed, that fact distinguishes this case from *Rissley* by proving that the attorney could not have given defendant any advice on which to rely. If defendant's attorney did not tell him when to file his petition, that simply placed defendant in no worse a position than the vast majority of *pro se* postconviction petitioners, who also lack access to the advice of counsel. The absence of professional advice would be relevant only if defendant's ignorance of the Act's time constraints could excuse his failure to adhere to them. However, it is settled that unfamiliarity with the Act's requirements does not show a lack of culpable negligence. *People v. Diefenbaugh*, 40 Ill. 2d 73, 74 (1968); *People v. Walker*, 331 Ill. App. 3d 335, 341 (2002). Obviously, to hold otherwise would vitiate the Act's time constraints because defendants could routinely escape them by "pleading ignorance."

Because defendant's petition was untimely and defendant did not allege facts that would show that the untimeliness did not result from his culpable negligence, the trial court properly dismissed the petition. Therefore, the judgment of the circuit court of Kendall County is affirmed.

Affirmed.

BOWMAN and GILLERAN JOHNSON, JJ., concur.