NOTICE

Decision filed 09/20/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200011-U

NO. 5-20-0011

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 13-CF-705 |
| | ) | |
| JOHN REDMOND, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly dismissed defendant's postconviction petition where it was untimely, and he failed to establish his lack of culpable negligence.  As any argument to the contrary would be frivolous, we grant appellate counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, John Redmond, appeals the circuit court's order dismissing his postconviction petition.  The circuit court found that the petition was not timely filed and that defendant had not demonstrated a lack of culpable negligence for the late filing.

¶ 3    The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit.  Accordingly, OSAD has filed a motion to withdraw as defendant's counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) along with a supporting brief.  OSAD has provided the defendant with a copy of its *Finley* motion and brief.

1

This court has provided him with ample opportunity to file a response, but defendant has not filed anything. Having read OSAD's *Finley* motion and brief, and having examined the record on appeal, we conclude that the instant appeal does indeed lack merit. As there is no potential ground for appeal, we grant OSAD leave to withdraw and affirm the judgment of the circuit court.

¶ 4                                        BACKGROUND

¶ 5      Defendant was charged with 12 sexual offenses against three females under the age of 13 who resided with him. On May 23, 2014, defendant agreed to plead guilty to two counts of aggravated criminal sexual assault. In exchange for the plea, the State agreed to a sentencing cap of 18 years for each offense, to be served consecutively, and to dismiss the remaining charges.

¶ 6      At the guilty plea hearing, the court told defendant that both counts were Class X felonies with a sentencing range of 6 to 30 years, followed by 3 years of mandatory supervised release (MSR). The prosecutor interrupted, pointing out that the MSR term was three years to life. Defense counsel confirmed that that was his understanding as well. The court then asked defendant, "[D]o you understand that whatever the sentence is when you complete that and you begin what is commonly called parole but the real name is mandatory supervised release that it will be for a minimum of three years but depending on an evaluation by the department of corrections they will decide on how long your parole term will be." Defendant said that he understood.

¶ 7      The prosecutor provided a factual basis and the court accepted the plea. On August 8, 2014, following a hearing, the court sentenced defendant to two consecutive 13-year prison terms followed by 3 years' MSR, with credit for time served from November 7, 2013. The written judgment also refers to a three-year MSR term.

¶ 8     Defendant filed motions to withdraw the plea and to reconsider the sentence. While those motions were pending the court entered an amended judgment correcting defendant's custody date to May 7, 2013.

¶ 9     Defendant subsequently abandoned the motion to withdraw the plea. On January 13, 2015, the circuit court denied the motion to reconsider the sentence because defendant had agreed to a sentencing cap and the sentence was within the cap. On November 29, 2016, the court entered a second amended judgment providing that defendant would serve a three-years-to-life MSR term. The record does not indicate why the circuit court entered a second amended judgment or who requested it, but the State and defense counsel were present when it was entered.

¶ 10     On August 15, 2018, defendant filed a motion for leave to file a late postconviction petition. The petition alleged that defendant's counsel was ineffective because there was "no physical evidence, no DNA, and my lawyer did not want to go to trial, and could have won if I went to trial." Defendant alleged that his petition was untimely due to "no knowledge of law."

¶ 11     Having failed to address defendant's petition within 90 days, the circuit court docketed it for second-stage proceedings and appointed counsel. Counsel filed an amended petition and a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 12     The amended petition alleged that defendant did not receive the benefit of his bargain where, although he was advised that a conviction would result in three years to life of MSR, the first two judgments provided for a three-year MSR term. Defendant was never made aware of the possibility that the failure to have "appropriate facilities" could result in his indefinite imprisonment. The November 29, 2016, amended judgment was the first time that defendant was notified that his MSR term was a potential life sentence. The petition further alleged that the

3

November 29, 2016, judgment was a new judgment that restarted the time to file a postconviction petition.

¶ 13    The State moved to dismiss the petition, arguing that it was untimely.  The circuit court granted the motion, agreeing that the petition was untimely and finding that defendant had failed to establish that the late filing was not due to his culpable negligence.  Defendant timely appealed.

¶ 14                                        ANALYSIS

¶ 15    OSAD suggests that the only issues defendant could raise are (1) whether the trial court erred by dismissing the petition as untimely and (2) whether counsel complied with Rule 651(c). OSAD concludes that neither issue has even arguable merit, and we agree.

¶ 16    The Post-Conviction Hearing Act (Act) provides that if no direct appeal is taken, a petition "shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  725 ILCS 5/122-1(c) (West 2020).  Here, the court denied defendant's motion to reconsider the sentence on January 13, 2015. His conviction became final on that date, and he did not file a direct appeal.  Therefore, defendant's petition was due on January 13, 2018.  However, he did not file it until August 15, 2018, more than seven months late.  Thus, the petition was untimely.

¶ 17    Because defendant's petition was untimely, the only way he could save it was to establish that the delay was not the result of his culpable negligence.  *Id.*; see *People v. Van Hee*, 305 Ill. App. 3d 333, 336 (1999) (defendant has burden to show that delay in filing petition was not the result of culpable negligence).

¶ 18    The only reason defendant offered in the petition was "no knowledge of law."  However, "unfamiliarity with the Act's requirements does not show a lack of culpable negligence."  *People v. Hampton*, 349 Ill. App. 3d 824, 829 (2004).  "Obviously, to hold otherwise would vitiate the

4

Act's time constraints because defendants could routinely escape them by 'pleading ignorance.' "

*Id.*

¶ 19    In the amended petition, counsel argued that the amended judgment entered on November 29, 2016, was a new sentence and that defendant had three years from that date to file his petition. However, the amended judgment was not a new sentence. Indeed, it could not have been, as the trial court lost jurisdiction to amend the sentence 30 days after the final judgment. See *People v. Flowers*, 208 Ill. 2d 291, 303 (2003) (authority of a trial court to alter a sentence terminates after 30 days). Rather, the second amended judgment was entered so that the written judgment order would conform to the sentence pronounced from the bench. See *People v. McCray*, 2016 IL App (3d) 140554, ¶ 25.

¶ 20    Counsel also argued that defendant was not advised prior to his plea that the MSR term was three years to life. While acknowledging that the potential lifetime MSR term was mentioned at the hearing, counsel contended that this information came only from the prosecutor. Although this might be the basis of a postconviction claim, it would not necessarily excuse the late filing. But more importantly, the record flatly contradicts this claim. After the prosecutor stated that the MSR term was three years to life, the court told defendant that MSR "will be for a minimum of three years but depending on an evaluation by the department of corrections they will decide on how long your parole term will be." In conjunction with the prosecutor's statement, the trial court's remarks informed defendant that the MSR term was potentially open-ended. Thus, the trial court correctly dismissed the petition on the ground that it was untimely.

¶ 21    The only other potential issue is whether counsel complied with Rule 651(c). At the second stage of the proceedings, an indigent petitioner is entitled to appointed counsel. 725 ILCS 5/122-4 (West 2020). This right is wholly statutory. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007).

5

Therefore, a petitioner is entitled only to the level of assistance required by the Act, which provides for a "reasonable" level of assistance. *Id.*

¶ 22    To assure the reasonable assistance required by the Act, Supreme Court Rule 651(c) imposes specific duties on postconviction counsel. *Id.*    Under Rule 651(c), counsel must: (1) consult with the petitioner either by mail or in person to ascertain the contentions of deprivation of constitutional rights, (2) examine the record of the trial court proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).  Where a petition is untimely, the requirement of amendments "necessary for an adequate presentation of the petitioner's contentions" includes any facts that may establish a lack of culpable negligence in the late filing. *Perkins*, 229 Ill. 2d at 42.  Counsel's filing of a Rule 651(c) certificate creates a presumption that counsel provided reasonable assistance. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 28.

¶ 23    Here, counsel filed an amended petition as well as a certificate that tracked the language of the rule.  The amended petition included constitutional claims as well as allegations intended to establish that the late filing was not the result of defendant's culpable negligence.  Thus, counsel presumptively complied with the rule.

¶ 24    We note that the amended petition did not include claims from the *pro se* petition. However, we agree with OSAD that the decision to exclude these claims was reasonable. Defendant's claims that trial counsel was ineffective because of "no physical evidence [and] no DNA" were waived by his guilty plea.  See *People v. Mueller*, 2013 IL App (5th) 120566, ¶ 12 (voluntary guilty plea waives all jurisdictional defenses and defects).  And defendant's contentions that counsel "did not want to go to trial" and that he could have won had he done so were not sufficiently specific to state a viable claim.  See *People v. Lewis*, 2017 IL App (1st) 150070, ¶ 16

6

(broad conclusional allegations of ineffective assistance are insufficient to avoid summary dismissal). Defendant alleged no specific facts showing that counsel was unwilling to go to trial if necessary and, despite his professed confidence that he could have won at trial, he cited no specific defenses he could have raised or evidence he could have introduced to bring about that result. Thus, these claims would have been subject to dismissal had counsel realleged them.

¶ 25                                                    CONCLUSION

¶ 26    Given that defendant's petition was untimely and he failed to establish that the late filing was not the result of his culpable negligence, the circuit court properly dismissed the petition. Any argument to the contrary would lack merit. Therefore, we grant OSAD's *Finley* motion and affirm the judgment of the circuit court.

¶ 27    Motion granted; judgment affirmed.