NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220327-U

NO. 4-22-0327

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 11, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| LEWIS E. HODGE JR., | ) | No. 13CF187 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Richard H. Gambrell, |
| | ) | Judge Presiding. |

_____

JUSTICE DOHERTY delivered the judgment of the court.
Justices Cavanagh and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the circuit court's second-stage dismissal of defendant's postconviction petition was proper because defendant failed to show that the untimeliness of his petition was not the result of culpable negligence.

¶ 2    Defendant, Lewis E. Hodge Jr., appeals from the Knox County circuit court's dismissal of his petition for relief under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2020)) at the second stage of proceedings.

¶ 3    On appeal, defendant argues this court should reverse and remand for a third-stage evidentiary hearing because (1) the circuit court erroneously dismissed his petition as untimely under section 122-1(c) of the Postconviction Act (*id.* § 122-1(c)) and (2) his petition made a substantial showing he was denied the effective assistance of trial counsel. The State argues the circuit court's dismissal was proper because defendant (1) did not show his failure to file the

petition within three years was not the result of his culpable negligence and (2) failed to make a substantial showing of ineffective assistance of counsel.

¶ 4        We conclude the circuit court properly dismissed defendant's petition as untimely and affirm the circuit court's judgment.

¶ 5                              I. BACKGROUND

¶ 6        In April 2013, the State charged defendant by information with three Class 1 felony counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(1), (2), (4), (b)(1) (West 2012)) (counts I-III), and one count of aggravated criminal sexual abuse, a Class 2 felony (*id.* § 11-1.60(d), (g)) (count IV). Count III alleged that defendant, who held "a position of trust, authority, or supervision in relation to the victim, F.Q., who was at least 13 years of age but under 18 years of age, committed an act of sexual penetration with F.Q., in that he placed his penis in the vagina of F.Q." See *id.* § 11-1.20(a)(4).

¶ 7        In June 2014, defendant entered into a plea agreement with the State. In exchange for his plea of guilty to count III, defendant would receive a sentence of 12 years in prison and the remaining charges against him would be dismissed. Following the trial court's acceptance of the guilty plea, it admonished defendant regarding his appellate rights as follows:

> "If you change your mind about anything that's happened here today, you still have
> the right to do so. You have the right to an appeal, but prior to taking an appeal,
> you must file a written motion with this Court within 30 days of today's date
> seeking to withdraw your plea of guilty setting forth your grounds in the motion.
>
>        If that motion is allowed, your plea of guilty, sentence, and judgment would
> be vacated, and then a trial date would be set on the charges. I say on the charges

because upon the request of the State, any charges that were dismissed as part of your plea agreement could be reinstated and then set for trial.

Do you have questions about your rights on appeal, sir?"

Defendant replied he did not, and the plea hearing concluded.

¶ 8 In February 2019, defendant *pro se* filed a postconviction petition. In the petition, defendant made a number of claims, including that trial counsel was ineffective and that defendant was actually innocent. Defendant also requested to withdraw his guilty plea and sought plea transcripts, DNA testing, and various credits towards his fines imposed by the court. The circuit court advanced the petition to the second stage of proceedings and appointed postconviction counsel, who filed a supplemental postconviction petition on defendant's behalf in December 2019.

¶ 9 The supplemental petition adopted defendant's *pro se* claims and additionally alleged that prior to the plea proceedings, defendant's trial counsel pressured him to accept the State's plea agreement because the sentencing judge " 'doesn't like blacks or sex offenders.' " Defendant alleged he was so shocked by this comment he "became anxious and fearful of what might happen" if he declined to accept the terms of the plea agreement. Due to this anxiety, defendant was "unable to focus on the subsequent guilty-plea proceedings including the Court's admonishments" or "make any reasoned decision concerning whether to accept the State's offer or *** proceed to trial." Because defendant could not focus during the admonishments, he did not file a motion to withdraw his guilty plea. In April 2020, the circuit court allowed defendant's motion to voluntarily dismiss his postconviction petition without prejudice.

¶ 10 In May 2021, defendant *pro se* filed a motion to reconsider his sentence and a petition for order *nunc pro tunc*. Several days later, the circuit court sent defendant a letter

informing him that it would be reclassifying defendant's motion as a postconviction petition and entered a written order stating the same.

¶ 11        In August 2021, the circuit court advanced defendant's petition to the second stage of proceedings and appointed postconviction counsel. In October 2021, postconviction counsel filed an amended petition alleging defendant was denied the effective assistance of counsel during the guilty plea proceedings. Specifically, the petition alleged the State threatened defendant that he would receive 50 years in prison if he did not accept the State's offer of 12 years in exchange for his plea of guilty to count III. It further alleged that defense counsel never discussed with defendant the elements of the offense to which he was to plead guilty, the State's ability to prove those elements, possible defenses to the charges, or that he could not be sentenced to a 50-year prison term if convicted of the charges in the information. The petition asserted the State could not have proved all elements of the offense because defendant never held a position of trust with the alleged victim. But for defense counsel's failure to discuss these issues with defendant, defendant would have insisted on proceeding to the scheduled bench trial. Accordingly, defendant's argument continued, defense counsel's deficient performance rendered defendant's guilty plea involuntary.

¶ 12        In November 2021, the State filed a motion to dismiss defendant's petition as untimely under section 122-1(c) of the Postconviction Act. 725 ILCS 5/122-1(c) (West 2020). Specifically, the motion alleged defendant failed to file his postconviction petition within three years of his conviction and had not shown his failure to do so was not due to his culpable negligence. See *id.* Defendant responded section 122-1(c) was inapplicable because he raised a claim of actual innocence and that he was nonetheless not culpably negligent because any "delay

- 4 -

[was] attributable to [defendant's] lack of knowledge concerning the availability of post-conviction relief." Defendant attached an affidavit to the response that stated as follows:

"3. In November 2018, I consulted with a 'legal coach,' a fellow inmate named The Allmighty 400.

4. As a result of my November 2018 consultation with The Allmighty 400, I learned for the first time that it was possible for me to maintain a post-conviction petition despite having pled guilty pursuant to a fully-negotiated plea agreement.

\* \* \*

7. The delay in bringing my post-conviction claims before this Court is not due to my culpable negligence but attributable to my lack of knowledge concerning seeking post-conviction relief."

¶ 13 In March 2022, the circuit court dismissed defendant's petition as untimely. Specifically, the court found defendant had not made a claim of actual innocence and had not shown his failure to file the petition within three years was not the result of his culpable negligence.

¶ 14 This appeal followed.

¶ 15                                      II. ANALYSIS

¶ 16 In this appeal, defendant argues this court should reverse the circuit court's dismissal of his postconviction petition and remand for an evidentiary hearing. Specifically, defendant argues (1) he demonstrated the untimeliness of his petition was not the result of his culpable negligence and (2) he made a substantial showing he was denied the effective assistance of trial counsel. The State argues defendant's failure to timely file his petition was the result of his culpable negligence and he failed to make a substantial showing that trial counsel was ineffective.

We conclude the circuit court properly dismissed defendant's petition as untimely and affirm the judgment.

¶ 17                                    A. Postconviction Proceedings

¶ 18        The Postconviction Act provides a remedy for a criminal defendant who has suffered a substantial violation of his constitutional rights in the proceedings leading to his conviction. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). In cases not involving the death penalty, the Postconviction Act sets forth three stages of proceedings. *Id.* at 471-72.

¶ 19        At the first stage, the circuit court independently reviews the defendant's postconviction petition to determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). If it finds the petition is frivolous or patently without merit, the court must dismiss the petition. *Id.* If the petition survives the first stage, the circuit court will docket the case for further proceedings where, if necessary, the court will appoint counsel to represent the defendant. *Pendleton*, 223 Ill. 2d at 472. At this second stage, postconviction counsel may amend the defendant's petition to ensure adequate presentation of the defendant's claims. *Id.* Also, at the second stage, the State may file a motion to dismiss the defendant's petition or an answer to it. *Id.* If the State does not file a motion to dismiss or the court denies such a motion, the petition advances to the third stage, wherein the court holds a hearing at which the defendant may present evidence in support of his petition. *Id.* at 472-73. In this case, the circuit court allowed the State's motion to dismiss defendant's petition at the second stage of proceedings.

¶ 20        At the second stage of the postconviction proceedings, "the defendant bears the burden of making a substantial showing of a constitutional violation" and "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *Id.* at 473. "[T]he 'substantial showing' of a constitutional violation that must be made at the second stage [citation]

is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *People v. Domagala*, 2013 IL 113688, ¶ 35. We review the circuit court's second-stage dismissal of a postconviction petition *de novo*. *Pendleton*, 223 Ill. 2d at 473.

¶ 21        We begin our review of the circuit court's second-stage dismissal by addressing defendant's claim the circuit court erred by finding his postconviction petition was untimely. Defendant acknowledges his postconviction petition was not timely filed under the Postconviction Act (see 725 ILCS 5/122-1(c) (West 2020)), but he contends he alleged facts showing the delay in filing his postconviction petition was not due to his culpable negligence. The State disagrees.

¶ 22        At the second stage of the postconviction proceedings, the circuit court may dismiss a petition as untimely: (1) "if the petition fails to contain 'allegations of lack of culpable negligence'; and (2) if the State moves to dismiss on this ground." *People v. Wheeler*, 392 Ill. App. 3d 303, 308 (2009) (quoting *People v. Perkins*, 229 Ill. 2d 34, 43 (2007)). Section 122-1(c) of the Postconviction Act states, in relevant part, "If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2020).

¶ 23        The defendant has the burden to demonstrate "an absence of culpable negligence in bringing" his or her postconviction petition. *People v. Boclair*, 202 Ill. 2d 89, 104 (2002). "[W]hether delay is due to culpable negligence depends not only on when the claim is discovered but on how promptly the defendant takes action after the discovery." *People v. Davis*, 351 Ill. App. 3d 215, 218 (2004).

"While the length of the delay alone is not dispositive, it stands to reason that a defendant who waits nearly five years beyond the statutory deadline to file a petition has more explaining to do than one who is late by less than a week. Being tardy by six days is far less inherently suggestive of recklessness than is missing the deadline by several years." *People v. Hampton*, 349 Ill. App. 3d 824, 828 (2004).

The Illinois Supreme Court has explained "culpable negligence" is "something greater than ordinary negligence and is akin to recklessness." *Boclair*, 202 Ill. 2d at 108. The supreme court has also endorsed a definition of "culpable negligence" as a "conscious choice of a course of action, in disregard of the consequences that might follow." (Internal quotation marks omitted.) *People v. Rissley*, 206 Ill. 2d 403, 419 (2003) (quoting *People v. Wilson*, 143 Ill. 2d 236, 248 (1991)). Accordingly, the supreme court views this definition as "giv[ing] heft to the exception contained in section 122-1," especially because "the [Postconviction] Act in general must be 'liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights.' " *Id.* at 420-21 (quoting *People v. Correa*, 108 Ill. 2d 541, 546 (1985)). In Illinois, a trial court's failure to provide certain admonishments to a defendant may excuse a finding of culpable negligence. See *People v. Gerow*, 388 Ill. App. 3d 524, 527-28 (2009) (noting the trial court's failure to admonish a defendant regarding a term of mandatory supervised release could be "possibly an important part of a valid explanation" for a delay in filing a postconviction petition).

¶ 24                                  B. This Case

¶ 25            Here, we agree with the State's contention that the circuit court's dismissal of defendant's petition as untimely was proper. Defendant does not dispute he did not take a direct

appeal in this case and that he was therefore required to file an initial postconviction petition within three years of the date of his conviction, *i.e.*, June 12, 2014. However, defendant claims he demonstrated his failure to file his petition within three years was not the result of his culpable negligence. Specifically, defendant argues he lacked the requisite knowledge to bring his challenge because he was deprived of adequate appellate admonishments as required by Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) following his guilty plea.

¶ 26        Rule 605(c) requires the trial court, after accepting a criminal defendant's negotiated plea of guilty, to advise the defendant as follows:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." *Id.*

Although Rule 605(c) "must be strictly complied with in that the admonitions must be given to a defendant who has pled guilty," a *verbatim* recitation of the rule is not required. *People v. Dominguez*, 2012 IL 111336, ¶ 11. Rather, "the rule requires only that a defendant be 'substantially' advised of the actual content of Rule 605(c)." *Id.* A court substantially complies with Rule 605(c) when it "impart[s] to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. Put differently, "the court must 'substantially' advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* ¶ 22.

¶ 27       The State concedes the trial court did not admonish defendant (1) he could request a copy of the transcript, (2) an attorney may be appointed to prepare a motion to withdraw his guilty plea, or (3) that any issues or claims of error not raised would be waived. However, the State argues the trial court nonetheless substantially complied with Rule 605(c), and therefore any deficiencies in the court's admonishments did not absolve defendant of his culpable negligence in bringing the instant postconviction petition.

¶ 28       Here, we find the trial court's admonishments substantially complied with Rule 605(c) and any omission does not excuse defendant's culpable negligence. Following his guilty plea, defendant was informed that (1) he had a right to appeal; (2) in order to appeal, he must file a written motion to withdraw the plea within 30 days; (3) the motion must state the grounds for withdrawing the plea; (4) if the motion were allowed, the judgment would be vacated and the

charges would be set for trial; and (5) any charges dismissed by the State could be reinstated. Although the court failed to convey the previously mentioned elements of Rule 605(c), we agree with the State that the admonishments defendant received put him "on notice[ ] of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* ¶ 22. While we agree the omitted elements of the rule—defendant's right to transcripts and counsel and that any issues not raised would be waived—are important, defendant never asserted he would have acted sooner in bringing his postconviction petition had the court conveyed those rights to him. Defendant fails to show how any omitted portion of the admonishments contributed to his delay in bringing the instant petition. The court's admonishments informed defendant of all steps required for him to appeal and the time frame in which those steps must be taken, and it therefore substantially complied with Rule 605(c).

¶ 29      Moreover, defendant's affidavit was insufficient to show his failure to timely file his petition was not the result of his culpable negligence. In the affidavit, defendant averred he did not learn he could file a postconviction petition despite having pled guilty until November 2018 and any delay was "attributable to [his] lack of knowledge concerning seeking postconviction relief." While this *may* have been sufficient to show a lack of culpable negligence as to the initial petition for postconviction relief defendant filed in February 2019, it certainly does not explain the delay in filing the instant pleadings until May 2021—over a year after he voluntarily dismissed his initial petition in April 2020. Moreover, the underlying basis for the petition—that his plea was involuntarily entered due to defense counsel's ineffective assistance—relied on facts known to defendant well before the three-year statutory period expired in June 2017. By his own admission, defendant waited over four years after pleading guilty (November 2018) to seek out any recourse for his alleged constitutional deprivations from his " 'legal coach.' " Defendant's claims of "lack

of knowledge concerning seeking postconviction relief" and that he was distracted during the trial court's admonishments—made over two years after filing an initial petition and a year after voluntarily dismissing it—simply do not account for the delay in bringing his claims. While the seven-year delay in this case is not "dispositive" of defendant's culpable negligence, it demanded a more compelling explanation than if the delay were mere days or weeks. See *Hampton*, 349 Ill. App. 3d at 828. We find such an explanation has not been provided here, and therefore the circuit court's dismissal of defendant's petition as untimely was proper under section 122-1(c) of the Postconviction Act. 725 ILCS 5/122-1(c) (West 2020).

¶ 30    Because we find the circuit court's dismissal of defendant's petition as untimely was proper, we decline to address whether defendant's petition made a substantial showing of a constitutional deprivation. See *People v. Wright*, 2013 IL App (4th) 110822, ¶ 32 (stating the appellate court may affirm the circuit court's dismissal of a postconviction petition on any basis supported by the record).

¶ 31                    III. CONCLUSION

¶ 32    For the reasons stated, we affirm the circuit court's judgment.

¶ 33    Affirmed.