NOTICE

Decision filed 02/04/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 230493-U

NO. 5-23-0493

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 08-CF-122 |
| | ) | |
| DALE L. BAKER, | ) | Honorable |
| | ) | Cord Z. Wittig, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.[*]

**ORDER**

¶ 1    *Held*: The circuit court's second-stage dismissal of the defendant's postconviction petition is affirmed because the defendant failed to allege facts showing that his untimely petition was not due to culpable negligence, and because he forfeited his claim of unreasonable assistance of counsel by raising it for the first time on appeal.

¶ 2    The defendant, Dale L. Baker, appeals the circuit court's second-stage dismissal of his postconviction petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). He argues (1) that we should reverse the circuit court's second-stage dismissal based on lack of timeliness because he pled facts supporting a lack of culpable

_____
[*]Justice Moore fully participated in the decision prior to his retirement. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6 (1992).

negligence, and (2) that postconviction counsel provided unreasonable assistance by failing to raise claims of ineffective assistance of trial and appellate counsel for failing to challenge the admission of purportedly inadmissible and unfairly prejudicial "other crimes" evidence. Because the defendant has failed to plead facts establishing a lack of culpable negligence, and because he has forfeited his claim of unreasonable assistance, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On November 3, 2009, following a bench trial, the circuit court of Saline County convicted the defendant of three counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2004)) and sentenced him to three consecutive 12-year terms of incarceration. This court affirmed his convictions in February 2012, and a detailed recounting of the facts underlying the defendant's conviction may be found at *People v. Baker*, 2012 IL App (5th) 090704-U. For the purposes of this appeal, we will limit the background to those facts relevant to the defendant's petition filed under the Act.

¶ 5     On February 27, 2020, the defendant filed a *pro se* petition under the Act. This petition alleged that: (1) a conflict of interest existed involving former defense attorney Jason Olson, who later appeared as an assistant state's attorney at a posttrial hearing, (2) his trial attorney failed to object to alleged hearsay testimony by the State's primary medical witness, and (3) he received ineffective assistance of trial counsel due to a brain tumor which allegedly impaired trial counsel's focus. The petition also included an affidavit from inmate law clerk Jason Gonzalez, stating that the defendant was illiterate and unable to identify legal issues within his own case.

¶ 6     The circuit court advanced the petition to the second stage and appointed postconviction counsel. Postconviction counsel filed an amended petition on July 22, 2020, raising only the conflict-of-interest claim. Counsel also filed an Illinois Supreme Court Rule 651(c) (eff. July 1,

2

2017) certificate, stating that he consulted with the defendant, reviewed the record, and made any necessary amendments to the defendant's petition. On August 12, 2020, the State filed a motion to dismiss the defendant's petition, arguing that the petition was untimely and that the defendant alleged no facts showing a lack of culpable negligence. In response, the defendant amended his petition on September 14, 2020, reasserting the conflict-of-interest claim and explaining that the untimeliness was based on the defendant not being advised of postconviction remedies, limited law library access, and his illiteracy and consequent reliance on other inmates. This second amended petition also maintained that the defendant was denied effective assistance of trial counsel where counsel failed to raise the conflict-of-interest issue in any proceeding, as well as ineffective assistance of appellate counsel where counsel did not raise the issue on appeal. The State filed a revised motion to dismiss on November 16, 2020.

¶ 7    On June 28, 2023, the circuit court entered a written order granting the State's motion to dismiss. The circuit court held that the petition was not timely filed, and that the allegations set forth in the defendant's petition did not satisfy the defendant's burden of establishing that the delay was not due to his culpable negligence. This timely appeal followed.

¶ 8                                II. ANALYSIS

¶ 9    The Act provides a three-stage process through which a prisoner may assert that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2022); *People v. Coleman*, 183 Ill. 2d 366, 379 (1998). At the first stage, the circuit court must independently review the petition and determine whether it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). If the circuit court does not dismiss the petition for frivolity or lack of merit, it proceeds to the second stage. At the second stage, the State must either answer or move to dismiss the petition.

3

*People v. Pingelton*, 2022 IL 127680, ¶ 28. The defendant bears the burden of making a substantial showing of a constitutional violation at the second stage. *People v. Allen*, 2015 IL 113135, ¶ 21. *Id.* If the petition is not dismissed, the matter advances to a third stage, during which the circuit court must conduct an evidentiary hearing. *Id.* ¶ 22. Here, the circuit court dismissed the defendant's petition at the second stage without an evidentiary hearing. The "review of a circuit court's dismissal of a postconviction petition at the second stage is *de novo*." *Pingelton*, 2022 IL 127680, ¶ 28.

¶ 10   On appeal, the defendant challenges the circuit court's dismissal on two grounds. First, he contends that the circuit court should not have dismissed his petition as untimely because he alleged sufficient facts establishing a lack of culpable negligence. Second, he argues that postconviction counsel provided unreasonable assistance of counsel by failing to raise claims of ineffective assistance of trial and appellate counsel. We address each of the defendant's contentions in turn.

¶ 11                           A. Timeliness

¶ 12   The Act provides a deadline for the filing of a postconviction petition. "If a petition for *certiorari* is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a *certiorari* petition, *unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.*" (Emphasis added.) 725 ILCS 5/122-1 (West 2022). Culpable negligence is "something greater than ordinary negligence and is akin to recklessness." (Internal quotation marks omitted.) *People v. Rissley*, 206 Ill. 2d 403, 420 (2003). While we will reverse the circuit court's finding of fact regarding culpable negligence only if the findings are manifestly erroneous, the ultimate conclusion of whether the established facts

4

demonstrate culpable negligence is subject to a *de novo* review. *People v. Stoecker*, 384 Ill. App. 3d 289, 292 (2008).

¶ 13    Here, the parties agree that the statutory deadline to file a postconviction petition passed on March 12, 2012. Accordingly, the defendant's petition is barred unless he can demonstrate that his years-long delay was not due to his culpable negligence. Furthermore, the sheer length of the delay calls out for a particularly persuasive explanation. See *People v. Hampton*, 349 Ill. App. 3d 824, 828 (2004). The defendant cannot provide any such explanation. Instead, he describes his educational and cognitive impairments, as well as his general ignorance of postconviction remedies. None of these explanations are persuasive.

¶ 14    It is well established that ignorance of the law provides no excuse for untimeliness. *People v. Johnson*, 2017 IL 120310, ¶ 27. This rule is broad, making no distinction between reasons for one's ignorance. Courts have found that mental and learning disabilities—such as illiteracy—do not by themselves excuse a defendant from filing a timely petition. See *People v. Montgomery*, 45 Ill. 2d 94, 96 (1970). Illiteracy, regrettable though it may be, is merely one explanation for ignorance of the law, and the Act does not make an exception for defendants who are illiterate. *People v. Cruz*, 2013 IL App (1st) 091944, ¶ 27.

¶ 15    The defendant relies on *People v. Marino*, 397 Ill. App. 3d 1030 (2010), to argue that he is entitled to a third-stage hearing. In that case, Marino discovered his ineffective assistance claim while pursuing a *mandamus* petition, which he pursued concurrently with his direct appeal. *Id.* at 1031. The circuit court denied the *mandamus* petition in January 2006, and Marino proceeded to file a *pro se* postconviction petition in May 2007. *Id.* at 1031. The reviewing court analyzed Marino's claim based not on "how the defendant discovered the new claim, but what he did in the interim between discovery and filing the petition" and concluded that further proceedings were

warranted. *Id.* at 1030, 1035. The lesson of *Marino* is thus that lack of culpable negligence can exist when a defendant diligently, but mistakenly, pursues other legal remedies. *Id.* at 1035-36.

¶ 16 Before us we have an entirely different scenario. The defendant filed his postconviction petition on February 27, 2020, eight years after the conclusion of his direct appeal. He does not claim that he took any legal action in the interim; nor does he allege that he filed a late petition due to reliance on the incorrect advice of appellate counsel. See *Rissley*, 206 Ill. 2d at 421. Instead, the defendant relies on his general ignorance of the law, illiteracy, and limited law library access. Of these, only the last—lack of access to a law library—could arguably serve as an adequate explanation for the defendant's delay. See, *e.g.*, *People v. Van Hee*, 305 Ill. App. 3d 333, 337 (1999) (acknowledging that lack of library access due to a lengthy prison lockdown could excuse late filing). Besides his general illiteracy, however, neither the defendant's petitions nor briefs describe how or why the defendant lacked library access. The defendant's other explanations amount to ignorance of the law and the reason he could not educate himself on it. As detailed above, neither is an excuse. *Johnson*, 2017 IL 120310, ¶ 27.

¶ 17 The defendant also argues that a third-stage evidentiary hearing is necessary to measure his credibility. The defendant's argument proceeds as follows: (1) the defendant filed a postconviction petition alleging facts purporting to show the defendant's lack of culpable negligence; (2) because these facts are unrebutted by the record, the circuit court must take them as true; (3) whether culpable negligence exists thus rests on the defendant's credibility; (4) credibility determinations are appropriate for a third-stage evidentiary hearing; and, (5) accordingly, this court should remand proceedings for a third-stage evidentiary hearing.

¶ 18 The defendant's argument misapprehends the relevant law. While the circuit court is bound to accept the defendant's well-pleaded *facts* as true, it need not accept all legal *conclusions* which

6

may arise from those facts. *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 48 ("A *de novo* review entails performing the same analysis a trial court would perform; in other words, we accept all well-pleaded facts in the complaint as true while disregarding legal or factual conclusions unsupported by allegations of fact." (Internal quotation marks omitted.)). Therefore, the circuit court can at once *accept* that the defendant is illiterate, ignorant of the law, et cetera, and yet conclude that these facts do not establish, as a matter of law, his lack of culpable negligence. Accordingly, we find that the circuit court's finding of fact regarding culpable negligence was not manifestly erroneous and that the circuit court did not commit any error in determining that the defendant's petition did not satisfy the defendant's burden of establishing that the delay was not due to his culpable negligence.

¶ 19                                    B. Forfeiture

¶ 20     The defendant next asserts that postconviction counsel provided unreasonable assistance because he did not raise claims of ineffective assistance of the defendant's trial and appellate counsel, as neither challenged the admission of certain "other crimes" evidence at his trial. The defendant raises this issue for the first time on appeal and has thereby forfeited its review.

¶ 21     " '[T]he question raised in an appeal from an order dismissing a post[ ]conviction petition is whether the allegations *in the petition*, liberally construed and taken as true, are sufficient to invoke relief under the Act.' " (Emphasis in original.) *People v. Jones*, 211 Ill. 2d 140, 148 (2004) (quoting *Coleman*, 183 Ill. 2d at 388). More plainly, "[a]ny claim of substantial denial of constitutional rights not raised in the original or amended petition is waived." *People v. Davis*, 156 Ill. 2d 149, 158 (1993); 725 ILCS 5/122-3 (West 2022).

¶ 22     While a "fundamental fairness" exception to the forfeiture rule exists, this exception is narrow and not applicable to the facts before us. Our supreme court outlined the "fundamental

7

fairness" doctrine in its decision in *People v. Davis*, 156 Ill. 2d 149 (1993), a case similar to the one we now face. In that case, Davis filed a postconviction petition under the Act, claiming that certain prosecutorial misconduct deprived him of effective assistance of counsel. *Id.* at 152. Davis raised no other claims in his petition, and the trial court denied him postconviction relief. *Id.* Davis appealed, alleging for the first time that he was denied effective assistance of both trial *and* postconviction counsel because neither attorney properly challenged his improper conviction of a lesser-included offense. *Id.* at 158. Davis argued that he had demonstrated that his counsels' performance denied him "those constitutional rights which the Act is designed to protect and preserve," and thereby impacted the fundamental fairness of the proceedings against him. *Id.*

¶ 23    Reasoning that "an issue is not preserved, for purposes of post[ ]conviction relief, merely by framing it in the context of a constitutional claim," the reviewing court rejected Davis's argument. *Id.* The reviewing court observed that the *basis* of Davis's ineffective assistance claim was his improper conviction of a lesser-included offense. *Id.* at 159. The court further observed that nothing had impeded Davis from presenting the improper conviction claim in his postconviction petition, and concluded that "[b]ecause the improper conviction, which now forms the basis of the defendant's claim of ineffective assistance of trial counsel, was not raised below it is waived." *Id.*

¶ 24    The defendant asks this court to reverse the judgment of the circuit court on essentially the same theory as the defendant in *Davis*. In his petition, the defendant forwards no claim of ineffective assistance of counsel for failure to challenge the "other crimes" evidence, and nothing prevented the defendant from bringing this claim in either his original or amended petitions. Like the defendant in *Davis*, he attempts to rescue this claim by couching an evidentiary issue in the

8

constitutional language of ineffective assistance of counsel. As our supreme court made clear, this is no recourse. Accordingly, we deem this claim to have been forfeited.

¶ 25    We note, however, that the defendant is not completely without recourse. "A defendant who fails to include an issue in his original or amended postconviction petition, although precluded from raising the issue on appeal from the petition's dismissal, may raise the issue in a successive petition if he can meet the strictures of the "cause and prejudice test.' " *Jones*, 211 Ill. 2d at 148-49; see *People v. Orange*, 195 Ill. 2d 437, 449 (2001). "Under this test, the defendant must demonstrate "cause" for failing to raise the error in prior proceedings and actual "prejudice" resulting from the claimed error." *Orange*, 195 Ill. 2d at 449.

¶ 26    Based on the foregoing, we find that the defendant's petition was untimely and unsupported by facts establishing a lack of culpable negligence, and that any claim of error regarding other-crimes evidence has been forfeited because the issue was not raised in his original or amended postconviction petitions. Accordingly, we find that the circuit court properly dismissed the defendant's postconviction petition.

¶ 27                                III. CONCLUSION

¶ 28    For the reasons stated, we affirm the judgment of the circuit court of Saline County.

¶ 29    Affirmed.